**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TODD SHAW, | : | |
| | : | CASE NO.: 09-61855-MGD |
| | : | |
| Debtor. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| | : | |
| ZOMBA RECORDING LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| TODD SHAW, Debtor, and | : | |
| S. Gregory Hays, as Chapter 7 Trustee | : | |
| of the Estate of Todd Shaw, | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

<u>**NOTICE OF HEARING**</u>

PLEASE TAKE NOTICE that Zomba Recording LLC has filed a Motion to Lift the
Automatic Stay and related papers with the Court seeking an order lifting the automatic stay.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion to
Lift the Automatic Stay in Courtroom 1201, United States Courthouse, 75 Spring Street, S.W.,
Atlanta, Georgia, at 10:00 a.m. on November 19, 2009.

Your rights may be affected by the court's ruling on these pleadings.  You should read
these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy
case. (If you do not have an attorney, you may wish to consult one.)  If you do not want the court
to grant the relief sought in these pleadings or if you want the court to consider your views, then
you and/or your attorney must attend the hearing. You may also file a written response to the

pleading with the Clerk at the address stated below, but you are not required to do so.  If you file

a written response, you must attach a certificate stating when, how and on whom (including

addresses) you served the response.  Mail or deliver your response so that it is received by the

Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk,

U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, Georgia 30303.  You must also

mail a copy of your response to the undersigned at the address stated below.

    If a hearing on the motion for relief from the automatic stay cannot be held within thirty

(30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of

filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot

be rendered by the Court within sixty (60) days of the date of the request, Movant waives the

requirement that a final decision be issued within that period. Movant consents to the automatic

stay remaining in effect until the Court orders otherwise.

    This 27th day of October, 2009.

                                                Respectfully submitted,

                                                **MORRIS, MANNING & MARTIN, LLP**

3343 Peachtree Road, N.E.              By:   /s/ Frank W. DeBorde
Suite 1600                                         Frank W. DeBorde
Atlanta, Georgia 30326                         Georgia Bar No. 215415
(404) 233-7000                                   Lisa Wolgast
                                                       Georgia Bar No. 773399

                                                Attorneys for Zomba Recording LLC

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TODD SHAW, | : | |
| | : | CASE NO.: 09-61855-MGD |
| | : | |
| Debtor. | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |
| | : | |
| ZOMBA RECORDING LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| TODD SHAW, Debtor, and | : | |
| S. Gregory Hays, as Chapter 7 Trustee | : | |
| of the Estate of Todd Shaw, | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

<u>**ZOMBA RECORDING LLC'S MOTION TO LIFT THE AUTOMATIC STAY**</u>

Zomba Recording LLC, as successor in interest to Zomba Recording Company ("ZRC"), ("Zomba") respectfully moves pursuant to 11 U.S.C. §§ 362(d)(2) and 553 for relief from the automatic stay, and shows this Court as follows:

<u>**INTRODUCTION**</u>

Zomba is a record label and a division of Sony Music Entertainment ("Sony").  Todd Shaw ("Debtor") is a songwriter and recording artist who has a recording agreement with Zomba.  Zomba Enterprises, Inc. ("ZEI") is music publisher and distributor previously owned by Berteslmann AG, the previous parent to both Zomba and ZEI.[1]  ZEI was sold to Vivendi SA in or around May 2007.  Pursuant to publishing agreements between ZEI and Debtor, Debtor

---

[1] Zomba was contributed to the Sony BMG merger in 2004, while ZEI was not contributed and continued to be owned by Berteslmann AG.

agreed to write musical compositions for ZEI in exchange for which ZEI agreed to pay Debtor royalties and advances.

In 2001, Zomba loaned Debtor's company, Todd Shaw Inc., $750,000.00 to pay Debtor's past due income tax obligations. That debt is secured by Zomba's perfected security interest in the copyrights to all musical compositions owned, created or acquired by Todd Shaw Inc. and Debtor, all proceeds and income derived from those compositions and all amounts owed to Debtor under the publishing agreements between Debtor and ZEI. Debtor also agreed that amounts owed to him under the publishing agreements could be setoff against amounts owed to Zomba under the promissory note. Zomba seeks relief from the automatic stay to foreclose on funds held by ZEI, is Zomba's collateral for the amounts owed to Zomba under the promissory note. As of June 30, 2009, ZEI's holding $328,677.98, which is likely significantly greater now due to the continued accrual of royalties. Zomba also seeks relief to foreclose on and collect all amounts generated by the musical compositions owned, created or acquired by Todd Shaw Inc. and Debtor and to foreclose on and obtain possession of the copyrighted material subject to Zomba's liens. Zomba is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) because Debtor specifically granted Zomba a security interest in the collateral, because Debtor lacks equity in the collateral, because the collateral is not necessary to a reorganization, and because Debtor, Zomba and ZEI agreed that the amounts held by ZEI and owed to Debtor could be paid to Zomba and setoff against amounts owed to Zomba.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

**A.    The Parties' Relationship and Agreements**

**1.    The agreements between ZEI and Debtor**

3.    In 1994, ZEI and Debtor's now defunct company, Dangerous Music, Inc., executed a Co-Publishing Agreement whereby Debtor agreed to provide songwriting services to ZEI in exchange for ZEI's payment of royalties and advances.  The Co-Publishing Agreement was amended in 1997 pursuant to that certain amendment to the Co-Publishing Agreement dated May 9, 1997 between ZEI and Debtor p/k/a/ "Too Short".  (The Co-Publishing Agreement, as amended, is the "Publishing Agreement."  The Publishing Agreement is attached as Exhibit 1.)

4.    The Co-Publishing Amendment executed in 1997 substituted Debtor for Dangerous Music, Inc. and requires that all royalties to be paid under the Co-Publishing Agreement be paid to Debtor and that all advances be charged to Debtor.

5.    Amounts owed by ZEI to Debtor are royalties owed by ZEI to Debtor under the Publishing Agreement.

**2.    The promissory note executed by Todd Shaw Inc. in favor of Zomba**

6.    In 2001, Zomba loaned Debtor's company, Todd Shaw Inc., $750,000.00 to pay Debtor's past due income tax obligations.

7.    That loan is evidenced by that certain Promissory Note dated May 30, 2001 from Todd Shaw, Inc. d/b/a "Too Short Records."  (A true and correct copy of the Note is attached as Exhibit 2.)

8.    Pursuant to the Note, the loan was payable in full on December 1, 2003.  Neither Debtor nor Todd Shaw Inc. paid all amounts owed under the Note at maturity, however.

9.    Under the Note, a default occurs when Todd Shaw Inc. fails to pay amounts due

under the Note as and when due or when Todd Shaw Inc. or Debtor becomes insolvent, bankrupt or files bankruptcy proceedings.

### 3.    Zomba's security interests and setoff rights

10.    Contemporaneously with execution of the Note, Debtor and Todd Shaw Inc. executed a Security Agreement and Copyright Security Agreement granting Zomba, as successor in interest to ZRC, a security interest in, among other things, all copyrighted material owned, created or acquired by Todd Shaw Inc. and Debtor, all income, royalties and payments due with respect to such copyrighted material and all amounts owed to Debtor under the Publishing Agreement between Debtor and ZEI.

11.    Specifically, in that certain Copyright Security Agreement dated May 30, 2001 from Todd Shaw Inc. d/b/a "Too Short Records" and Debtor to Zomba, as successor in interest to ZRC, Debtor and Todd Shaw Inc. granted Zomba a security interest in:

> (A)  All of Grantor's right, title and interest in and to the musical compositions composed by [Debtor] alone, or in collaboration with others, including without limitation the compositions listed on Schedule I hereto . . . and all other works derived in whole or in part from the foregoing . . . whether registered or unregistered, published or unpublished, and all underlying materials and derivative of all of the foregoing . . . that are subject to [the Publishing Agreement] (including, but not limited to the Copyrights in the Compositions listed on Schedule I hereto) now owned or hereafter created or acquired by such Grantor . . .;

> (B)  All (a) copyrights, rights and interests in copyrights, works protectable by copyright, copyright registrations now owned or hereafter created or acquired by Grantor . . . (c) income, royalties, damages and payments now or hereafter due and/or payable under any of the foregoing . . .;

> (C)  Any and all agreements, assignments, licenses and other documents of whatsoever kind or nature, heretofore or hereafter made or executed, which relate to the Works, the Copyrights in and/or relating to the Works or any rights therein;

- 4 -

* * *

(E)      All proceeds of, and all other profits or receipts, in whatever form, arising from the sale, assignment, licensing or other disposition of, or realization upon any Collateral, including without limitation, all claims of such Grantor against third parties with respect to any Collateral, whether now existing or hereafter arising any other value received as a consequence of the possession of any Collateral.

(Copyright Security Agreement, ¶ 1.  The Copyright Security Agreement is attached as Exhibit 3.)

12.      The Copyright Security Agreement was filed with the United States Copyright Office on July 2, 2001 in Volume 3471, Page 481.

13.      Similarly, in the Security Agreement dated May 30, 2001 from Todd Shaw Inc. d/b/a "Too Short Records" and Debtor to Zomba, as successor in interest to ZRC, Debtor and Todd Shaw Inc. granted Zomba a security interest in all accounts receivable due to Debtor or Todd Shaw Inc. under the Publishing Agreement:

Grantor hereby grants [Zomba] a continuing security interest in all right, title and interest of such Grantor in, to and under the following property, whether now owned or existing or hereafter acquired or arising . . .

(B)  All accounts receivable due from [ZEI] to such Grantor under . . . (ii) that certain Co-Publishing Agreement, dated as of April 1, 1994 by and between ZEI and Dangerous Music, Inc. f/s/o Todd Shaw p/k/a "Too Short" . . .;

(C)  The Compositions that are subject to the Publishing Agreements (including but not limited to the Copyrights in the Compositions listed on <u>Schedule I</u> hereto) now owned or hereafter created or acquired by the Grantors (collectively, the "Works");

(D)  The Copyrights in, and all like or different rights relating to, the Works . . . along with such Grantor's other rights in the Works of any nature . . . .

* * *

- 5 -

(F)   Any and all agreements, assignments licenses and other documents of whatsoever kind or nature, heretofore or hereafter made or executed which relate to the Works, the Copyrights in and/or relating to the Works or the Trademark Rights or any rights therein;

\* \* \*

(H)  All Proceeds of the foregoing payable to such Grantor.

(Security Agreement, § 2. The Security Agreement is attached as Exhibit 4).

14.     On September 1, 2009, ZRC filed UCC Financing Statements with the Barrow County, Georgia Clerk of Superior Court, UCC Control Nos. 0072009016002 and 0072009016003, evidencing Zomba's security interests in the above collateral.   (The UCC Financing Statements are attached as Exhibit 5.)

15.     In the Co-Publishing Amendment, Debtor agreed that Zomba may setoff amounts owed under the Publishing Agreements against amounts owed under the Note:  "ZEI shall set off any payments due from ZEI to Todd Shaw pursuant to the Publishing Agreement and pay such amounts to [Zomba] . . . ."  (Co-Publishing Amendment, ¶ 18(a)(i).)

## B.     The Default and Amounts Owed under the Note

16.     Todd Shaw Inc. is in default under the Note because Debtor filed a voluntary Chapter 7 petition in this Court on January 26, 2009 and because it has not paid Zomba amounts owed under the Note when due.

17.     Todd Shaw Inc. presently owes Zomba at least $680,000.00 plus interest under the Note.

18.     As of June 30, 2009, ZEI owes Todd Shaw $328,677.98 under the Publishing Agreement for income and royalties generated from the copyrighted material that are subject to Zomba's perfected lien.  That amount has likely increased and likely continues to increase given

the continued accrual of royalties.

## ARGUMENT

19.     Zomba is entitled to relief from the automatic stay so that it may exercise all rights that it may have under applicable state law and the agreements to foreclose on and collect the funds owed to Debtor by ZEI under the Publishing Agreements, which amounts are Zomba's collateral pursuant to the Copyright Security Agreement.

20.     ZEI has indicated that it may pay the funds to Zomba but that the Trustee in this case has inquired as to the disposition of the funds ZEI is holding for Debtor.

**A.     Zomba Is Entitled To Stay Relief Pursuant To Section 362(d)(2)**

21.     Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from the stay against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization.

22.     Here, Debtor granted Zomba a security interest in all copyrights owned, created or acquired by Todd Shaw Inc. and Debtor, the proceeds thereof and all amounts owed to Debtor under the Publishing Agreement.  (*See* Copyright Security Agreement; Security Agreement.)

23.     Zomba filed the Copyright Security Agreement executed by Debtor and Todd Shaw Inc. with the United States Copyright Office.  (*See* Copyright Security Agreement.)

24.     Zomba's interest in the copyrights owned, created or acquired by Debtor and Todd Shaw Inc., the proceeds of such copyrights and the receivables owed under the Publishing Agreements is, therefore, perfected.  *See In re Peregrine Entm't, Ltd.*, 116 B.R. 194, 203 (C.D. Cal. 1990).

25.     A perfected security interest in copyrights perfects the creditor's interest in the proceeds and income derived from the copyrighted material.  *See id.* at 199 (stating that a

- 7 -

copyright entitles the holder to receive all income derived from the display of the creative work and, therefore, an agreement creating a security interest in receivables generated by a copyright may be recorded in the Copyright Office) (citing 17 U.S.C. § 106).

26.     Zomba has a perfected security interest in the copyrights listed on the Copyright Security Agreement as well as future copyrights created or acquired by Debtor and Todd Shaw Inc., the proceeds of those copyrights and the amounts owed under the Publishing Agreements. *See id.*; *see also* 17 U.S.C. § 106.

27.     ZEI owes Debtor $328,677.98 under the Publishing Agreements as of June 30, 2009, and this amount likely is increasing each month based on monthly sales of music.

28.     Zomba, on the other hand, is owed at least $680,000.00 plus interest under the Note.

29.     Given that Zomba is owed at least $680,000.00 plus interest under the Note, which amounts are secured by Debtor's interests in the copyrights, the proceeds thereof and amounts owed under the Publishing Agreements, Debtor's funds and copyrights are worth less then the sums owed to Zomba.  Hence, Debtor does not have equity in Zomba's collateral.

30.     Moreover, given that this is a Chapter 7 case with no possibility of a reorganization of Debtor, the property is not necessary to an effective reorganization.

31.     Zomba is, therefore, entitled to relief from the automatic stay so that it may exercise all rights it has under the agreements including the right to:  (a) foreclose on and collect amounts held by ZEI and owed to Debtor, (b) foreclose and collect all funds generated or to be generated from the copyrights, and (c) foreclose on and obtain possession of the copyrights that are the subject of ZEI's liens.

**B.    Alternatively, Zomba Is Entitled To Setoff Amounts Owed by ZEI To Debtor Against Amounts Owed to Zomba**

32.    In the Co-Publishing Amendment, Debtor agreed that Zomba may setoff amounts owed under the Publishing Agreements against amounts owed under the Note: "ZEI shall set off any payments due from ZEI to Todd Shaw pursuant to the Publishing Agreement and pay such amounts to [Zomba] . . . ."  (Co-Publishing Amendment, ¶ 18(a)(i).)

33.    Such prepetition contractual agreements to permit triangular setoffs are permitted. *See, e.g., U.S. Aeroteam, Inc. v. Delphi Auto. Sys. LLC*, 327 B.R. 852, 865 (2005) (holding that upon A's promise to pay B's debt to C, C assigned its rights against B to A such that A and B had mutuality for the purposes of allowing a setoff by A against amounts it owes to B); Collier on Bankruptcy § 553.03[3][b][ii] (2009) ("if the parties all agree in a prepetition contract that a setoff may be taken between A, B and C, then the agreement may be enforced in bankruptcy to the extent that it is enforceable under applicable nonbankruptcy law").

34.    Accordingly, because Debtor specifically agreed that Zomba was entitled to setoff amounts owed to Debtor by ZEI against amounts owed to Zomba, the Court should permit Zomba to receive the funds owed to Debtor held by ZEI and apply such funds to amounts owed to Zomba.

## <u>CONCLUSION</u>

Accordingly, Zomba Recording LLC requests that, pursuant to 11 U.S.C. § 362(d)(2), the Court grant Zomba Recording LLC immediate relief from the automatic stay so that it may and be permitted to exercise all rights that it may exercise all rights it has under the Agreements and foreclose on and collect amounts held by ZEI and owed to Debtor including the amount of $328,677.98, foreclose and collect all funds generated or to be generated from the copyrights, and foreclose on and obtain possession of the copyrights that are the subject of ZEI's liens.

This 27th day of October, 2009.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

3343 Peachtree Road, N.E.          By:__/s/ Frank W. DeBorde_____
Suite 1600                              Frank W. DeBorde
Atlanta, Georgia 30326                  Georgia Bar No. 215415
(404) 233-7000                          Lisa Wolgast
                                        Georgia Bar No. 773399

Attorneys for Zomba Recording LLC

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TODD SHAW, | : | |
| | : | CASE NO.: 09-61855-MGD |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| ZOMBA RECORDING LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| TODD SHAW, Debtor, and | : | |
| S. Gregory Hays, as Chapter 7 Trustee | : | |
| of the Estate of Todd Shaw, | : | |
| _____ | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I have this day served a true and correct copy of the within and foregoing

**NOTICE OF HEARING** and **ZOMBA RECORDING LLC'S MOTION TO LIFT THE**

**AUTOMATIC STAY** upon:

Todd Anthony Shaw                              Neil C. Gordon
1010 Forest Overlook Drive                     Arnall Golden Gregory LLP
Atlanta, GA 30331                              Suite 2100
                                               171 17th Street, NW
                                               Atlanta, GA 30363


Montie S. Day                                  S. Gregory Hays
Day Law Offices                                Hays Financial Consulting, LLC
P. O. Box 1525                                 Suite 200
Williams, CA 95987                             3343 Peachtree Road, NE
                                               Atlanta, GA 30326-1420

- 11 -

Martin P. Ochs                          Karen A. Maxcy
Office of the U. S. Trustee             Morris Schneider Prior Johnson, et al
362 Richard Russell Federal Bldg.       1587 Northeast Expressway
75 Spring Street, SW                    Atlanta, GA 30329
Atlanta, GA 30303

Richard M. Jones                        Sidney Gelernter
Law Office of Richard Jones, P.C.       McCurdy & Candler, L.L.C.
North Center - Suite 309H               250 East Ponce De Leon Avenue
4319 Covington Highway                  Post Office Box 57
Decatur, GA 30035                       Decatur, GA 30031

by mailing a copy of same via United States Mail with sufficient postage to ensure delivery.

  This 27th day of October, 2009.

          Respectfully submitted,

          **MORRIS, MANNING & MARTIN, LLP**

3343 Peachtree Road, N.E.               By:   /s/ Frank W. DeBorde
Suite 1600                                    Frank W. DeBorde
Atlanta, Georgia 30326                        Georgia Bar No. 215415
(404) 233-7000

          Attorneys for Zomba Recording LLC