# EXHIBIT 2

**Execution Copy**

## PROMISSORY NOTE

U.S. $750,000.00                                                                   May 30, 2001
                                                                                   New York, New York

    **FOR VALUE RECEIVED**, the undersigned, Todd Shaw, Inc. d/b/a "Too Short Records" (the "**Borrower**"), unconditionally promises to pay to the order of Zomba Recording Corporation, a New York corporation with a principal place of business at 137-139 W. 25th Street, New York, NY 10001 (the "**Payee**"), the principal sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) (the "**Loan**"). The Loan shall be due and payable on December 1, 2003 unless previously paid in full. Except as set forth below, no interest shall be payable or accrued on the outstanding principal balance of this Promissory Note.

    This Promissory Note is the Promissory Note referred to in that certain Security Agreement dated as of the date hereof between Borrower, Payee and Todd Shaw, p/k/a "Too Short" ("**Shaw**"), (as such agreement may be amended from time to time, the "**Security Agreement**"), and is entitled to the benefits of the security and the remedies set forth in the Security Agreement.

    This Promissory Note may be prepaid at any time in full, and from time to time in part, without penalty; <u>provided</u>, that any prepayment (whether voluntary or involuntary) shall be applied first to any other sums payable to Payee hereunder or under the Security Agreement and then to the outstanding balance hereunder. The interest rate on any overdue principal shall be equal to the Applicable Federal Rate for short-term obligations compounded semi-annually, as announced by the Internal Revenue Service pursuant to Section 1274(d) of the Internal Revenue Code of 1986, as amended, from the date such principal is due through and including the date on which all such principal amount of this Promissory Note is paid in full. Payment of this Promissory Note shall be made by check, in lawful money of the United States of America, unless otherwise agreed in advance by Payee.

    Shaw hereby absolutely, irrevocably and unconditionally guarantees to the Payee (i) the due and punctual payment by Borrower of all amounts that may become payable under this Promissory Note and the Security Agreement and (ii) the timely performance and discharge by Borrower of its other obligations under this Promissory Note and the Security Agreement. The obligations of Shaw hereunder are those of a primary obligor, and not merely a surety, and are independent of the obligations of Borrower. A separate action or actions may be brought directly against Shaw whether or not an action is brought against Borrower in respect of the obligations of Borrower or whether Borrower is joined in any such action or actions. The liability of Shaw hereunder shall be absolute and unconditional obligations of Shaw and are joint and several with Borrower.

    During the period commencing on the date hereof and ending on the date on which the Loan is paid in full in cash (whether or not there exists an Event of Default),

the Payee may, and shall have the right to (in its sole discretion), deduct and retain, for its own account, any and all amounts outstanding under this Promissory Note, from sums (including, without limitation, future advances and the reserve amounts currently held by Payee pursuant to subparagraph 9(ii) of the Recording Agreement in respect of Shaw's and Borrower's governmental obligations) otherwise payable to Shaw or Borrower pursuant to any agreement between Borrower and/or Shaw, on the one hand, and Payee or one of its affiliates, on the other hand, including without limitation, (i) that certain agreement relating to the furnishing of the exclusive recording services of Shaw (the "**Recording Agreement**"), dated as of May 1, 1997 by and between Borrower and Payee, as amended from time to time, (ii) that certain Co-Publishing Agreement dated as of February 2, 1988 by and among Zomba Enterprises, Inc. ("ZEI") and Willesden Music Inc. and Randy Austin and Todd Shaw d/b/a SRAND MUSIC (BMI), (iii) that certain Co-Publishing Agreement dated as of April 1, 1994 between ZEI and Dangerous Music, Inc. f/s/o Todd Shaw p/k/a "Too Short" as amended from time to time, or (iv) that certain agreement between Borrower and Payee, dated as of May 1, 1997, relating to certain production, distribution and joint venture arrangements, as amended from time to time (the "**P&D/Joint Venture Agreement**"), including without limitation, the One Hundred Thousand Dollar ($100,000.00) assignment advance payable to you pursuant to paragraph 2.02 of the December 1, 1998 modification to the P&D/Joint Venture Agreement.

Each of Borrower and Shaw, for itself and its successors and assigns, hereby waives demand, diligence, protest, notice of protest, presentment and notice of dishonor and of nonpayment and all other notices and demands in connection with the delivery, acceptance, performance, enforcement or default of this Promissory Note. Each of Borrower and Shaw hereby waives any defense with respect to, or right of offset against any payment of the principal or accrued interest of, this Promissory Note to the Payee.

No forbearance, delay or failure on the part of the Payee to exercise any right or remedy hereunder, whether before or after the happening of a default, shall constitute a waiver of such default, any future default or any other default. No single or partial exercise of any right or remedy shall preclude any other or further exercise thereof or the exercise of any other right or remedy. No acceptance of any partial payment hereunder shall be or be considered a release of Borrower's obligation to pay the entire outstanding aggregate principal amount of this Promissory Note in full at the maturity hereof or otherwise be or be considered a novation of this Promissory Note, and Borrower hereby expressly waives the benefit of any statute or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Promissory Note may be assigned by the Payee but may not otherwise be amended except in an agreement in writing signed by the party against whom such agreement is sought to be enforced.

In the event (i) Borrower fails to pay any amounts due and payable under this Promissory Note or the Security Agreement and of such default continues for a period of ten (10) days thereafter, (ii) Borrower breaches any of its other covenants or obligations hereunder or under the Security Agreement and such default continues for a period of ten (10) days thereafter, (iii) any representation or warranty of Borrower under the Security Agreement shall be false or misleading in any material respect, or (iv) Borrower or Shaw becomes insolvent, bankrupt or generally fails to pay its or his debts as such debts become due; is adjudicated insolvent or bankrupt; admits in writing its or his inability to pay its or his debts; or shall suffer a custodian, receiver or trustee for it or him or substantially all of its or his property to be appointed; makes an assignment for the benefit

of creditors; or suffers proceedings under any law related to bankruptcy, insolvency, liquidation or the reorganization, readjustment or the release of debtors to be instituted against it or him; if proceedings under any law related to bankruptcy, insolvency, liquidation, or the reorganization, readjustment or the release of debtors to be instituted against it or him; if proceedings under any law related to bankruptcy, insolvency, liquidation, or the reorganization, readjustment or the release of debtors is instituted or commenced by Borrower or Shaw; if any order for relief is entered relating to any of the foregoing proceedings; if Borrower or Shaw shall call a meeting of its or his creditors with a view to arranging a composition or adjustment of its or his debts; or if Borrower or Shaw shall by any act or failure to act indicate its or his consent to, approval of or acquiescence in any of the foregoing (each an "**Event of Default**"), then upon and during the continuance of any Event of Default, the Payee of this Promissory Note at its option may, by written notice to Borrower, declare this Promissory Note to be due and payable, whereupon the same shall forthwith mature and become due and payable, without presentment, demand, protest or notice, all of which are hereby waived; no right or remedy conferred upon or reserved to Payee hereunder or now or hereafter existing at law or in equity is intended to be exclusive of any other right or remedy, and each and every such right or remedy shall be cumulative and concurrent, and in addition to every other such right or remedy, and may be pursued singly, concurrently, successively or otherwise, at the sole discretion of Payee, and shall not be exhausted by any one exercise thereof but may be exercised as often as occasion therefore shall occur.

In the event of nonpayment of any amounts due and payable under this Promissory Note, Borrower agrees to pay all costs of collection, whether suit be brought or not, including, but not limited to, court costs and reasonable attorneys' fees and disbursements.

THIS PROMISSORY NOTE AND THE RIGHTS AND OBLIGATIONS OF BORROWER, SHAW AND THE PAYEE HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO THE CONFLICTS OF LAW PRINCIPLES THEREOF.

This Promissory Note inures to the benefit of Payee and its successors and assigns, and binds Borrower and Shaw, and their respective successors and assigns, and the words "Payee", "Borrower" and "Shaw" whenever occurring herein shall be deemed and construed to include such respective successors and assigns, provided however, that neither Borrower nor Shaw, may not assign or transfer its rights or obligations hereunder to any other party, including by operation of law, without the express written consent of Payee.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, Borrower caused this Promissory Note to be executed as of the day and year first above written.

Todd Shaw, Inc. d/b/a "Too Short Records"

By: _____
Name: Todd Shaw
Title: Chief Executive Officer


I hereby agree to be bound by the terms of the fourth paragraph of the Promissory Note which are applicable to me, as an individual

_____
Todd A. Shaw, p/k/a "Too Short"

NY-336065.5