UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-BEM |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR EXAMINATION OF AND DOCUMENT PRODUCTION
BY SONY MUSIC ENTERTAINMENT UNDER RULE 2004 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Todd Anthony Shaw ("**Debtor**"), by and through undersigned counsel, and files this *Motion for Examination of and Document Production by Sony Music Entertainment under Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "**Motion**"), seeking an Order authorizing the examination of Sony Music Entertainment ("**Sony**") under Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in support thereof respectfully shows this Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

*a. General Background*

2. On January 26, 2009 (the "**Petition Date**"), Debtor initiated this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this case.

4. At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the bankruptcy case and any interest in property that the estate acquires after commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1) and (7) (2009). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2009).

5. Debtor filed this case as a no-asset case. [Doc. No. 1 at Page 1].

6. Nevertheless, through the efforts of Trustee and his professionals, Trustee has recovered over $200,000.00 for the benefit of the Bankruptcy Estate from, among other things, certain music royalties to which Debtor, and thus the Bankruptcy Estate, is entitled. *See* [Doc. No. 62].

*b. Source and Payment of Royalties*

7. More specifically, the above mentioned funds arose out of a stipulation ("**Stipulation**") between Trustee and Zomba Recording LLC ("**Zomba**"), which was approved by order [Doc. No. 62] of the Court on November 24, 2009.

8. This Stipulation resolved a dispute between Trustee and Zomba related to payments from Zomba Enterprises, Inc. ("**ZEI**") that were owed to the Bankruptcy Estate but in which Zomba claimed an alleged security interest.

9. As a result of the Stipulation, Trustee is to receive 20% of royalty payments owed by ZEI, and Zomba is to receive 80% of these royalty payments, until the alleged loan owed to

Zomba is paid in full. Following satisfaction of this debt, Trustee will receive 100% of the royalty payments.

10. Upon information and belief, sometime after entry of the Stipulation and the Court's order [Doc. No. 62] approving the same, Zomba transferred its loan rights to Sony, and ZEI transferred its interests in the works that generate the royalties to Universal Music Group, Inc. ("**Universal**"). Alternatively, rather than an asset purchase, it may be the case that Sony purchased Zomba, or that Universal purchased ZEI.

*c. Prior Requests by Trustee to Sony*

11. Trustee has informally made requests to Sony for an accounting of the total payments made by Universal (or ZEI) to Sony (or Zomba), including any and all payments made by their predecessors. Sony has responded with an informal accounting in this regard.

**Relief Requested**

12. To assist Trustee in ascertaining the amount of the loan that remains outstanding to Sony (or Zomba) and the marketability of the royalties, Trustee requests that Sony's designated representative appear at an examination to commence on September 28, 2018, at 1:00 p.m., or at such other mutually agreeable date and time, at a mutually agreeable place, and continue from day to day thereafter until complete.

13. Trustee also seeks to have Sony produce, on or before September 7, 2018, at 11:00 a.m. at the law offices of Arnall Golden Gregory LLP at 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, or some other mutually agreeable time and place, for review by counsel for Trustee, any and all records and items listed on Exhibit "A," attached hereto and incorporated herein by reference.

**Basis for Relief**

14. Rule 2004 provides that any party in interest, including a creditor, may examine any other entity. Fed. R. Bankr. P. 2004.

15. Because Trustee is a party in interest, it is well within the Court's discretion to grant the relief requested in this Motion. Indeed, such an examination is necessary for Trustee to evaluate fully the extent and balance of the claim of Sony and the marketability of the cash-flow arising from the royalties being paid by Universal.

WHEREFORE, Trustee respectfully requests that this Court:

(a) enter an order authorizing Trustee to conduct the examination of Sony's designated representative and directing Sony to produce the documents and items requested herein at a mutually agreeable time and place; and

(b) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 10th day of August, 2018.

          ARNALL GOLDEN GREGORY LLP
          *Attorneys for Trustee*

          By:*/s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100    Michael J. Bargar
Atlanta, Georgia 30363    Georgia Bar No. 645709
404-873-8500 (telephone)    michael.bargar@agg.com

12507134v1

**EXHIBIT "A"**

Definitions

A. As used herein, the term "**document**" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, electronically stored, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge, and shall include without limitation, the following: letters, correspondence, affidavits, declarations, statements, books, articles, reprints, resolutions, minutes, communications, messages, e-mails, electronic communications, electronically stored information, notes, loan documents, collateral documents, stenographic or handwritten notes, memoranda, diaries, contracts, subcontracts, bids, worksheets, drafts, agreements, records, resumes, invoices, receipts, bills, cancelled checks, financial statements, audit reports, tax returns, calendars, schedules, summaries, studies, calculations, estimates, diagrams, sketches, drawings, plans, photographs, tapes, videotapes, movies, recordings, transcriptions, work orders, computer print-outs, computer disks, data processing cards, data storage cards, and the like; and where originals of such documents are not available or are not in your possession, custody or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

B. As used herein, the term "**Debtor**" shall refer to Todd Anthony Shaw, his authorized agents, attorneys, representatives, and any other person that is or has ever acted for or on behalf of them.

C. As used herein, the term "**Petition Date**" shall refer to January 26, 2009.

12507134v1

    D. As used herein, the term "**Universal**" shall refer to Universal Music Group, Inc., its predecessors in interest, and its subsidiaries.

    E. As used herein, the term "**Sony**" shall refer to Sony Music Entertainment, its predecessors in interest, and its subsidiaries.

    F. As used herein, the term "**Works**" shall refer to any musical composition created by Debtor prior to the Petition Date.

    G. As used herein, the term "**Music Publishing Royalties**" shall refer to any music publishing royalties that arose from, as a result of, or out of the Works.

    H. As used herein, the term "**Zomba**" shall refer to Zomba Recording LLC, its successors in interest, and its owners.

    I. As used herein, the term "**ZEI**" shall refer to Zomba Enterprises, Inc., its successors in interest, and its owners.

<u>Document and Information Request</u>

1) Copies of any document which reflects any payments that have been made by Universal to Sony or Zomba with regard to the Works or Music Publishing Royalties since the Petition Date.

2) An accounting of all payments that have been made by Universal to Sony or Zomba with regard to the Works or Music Publishing Royalties since the Petition Date.

3) Copies of any document which reflects any payments that have been made by ZEI to Sony or Zomba with regard to the Works or Music Publishing Royalties since the Petition Date.

4) An accounting of all payments that have been made by ZEI to Sony or Zomba with regard to the Works or Music Publishing Royalties since the Petition Date.

12507134v1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing *Motion for Examination of and Document Production by Sony Music Entertainment under Rule 2004 of the Federal Rules of Bankruptcy Procedure* by first class United States Mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Julie B. Shapiro
Director, Business and Legal Affairs
Sony Music Entertainment
25 Madison Avenue, 22nd Floor
New York, NY 10010-8601

Joan Hyun Kyung Cho
Universal Music Group, Inc.
2220 Colorado Avenue
Santa Monica, CA 90404

The Corporation Trust Company
Re: Universal Music Group, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Corporation Service Company
Re: Sony Music Entertainment
251 Little Falls Drive
Wilmington, DE 19808

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

This 10th day of August, 2018.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

12507134v1