UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-61855-BEM |
| | : | |
| TODD ANTHONY SHAW, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |

**FIRST INTERIM APPLICATION OF ARNALL GOLDEN GREGORY LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
COUNSEL FOR TRUSTEE**

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S. Gregory Hays, Chapter 7 trustee in this Chapter 7 case, and, pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016, applies for allowance of compensation in the amount of $63,871.50[1] and for reimbursement of expenses in the amount of $154.78 for the period from May 8, 2009 through and including August 15, 2019.  In support thereof, the Applicant shows as follows:

**Background**

1.     On January 26, 2009, (the "**Petition Date**"), Todd Anthony Shaw ("**Debtor**") and filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), initiating Bankruptcy Case No. 09-61855-BEM (the "**Bankruptcy Case**").

2.     S. Gregory Hays ("**Trustee**") is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estate (the "**Bankruptcy Estate**") of Debtor.

---

[1]     In the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour, and it has voluntarily reduced the 2019 billing rate of Meghan J. Wells from $300.00 per hour to $290.00 per hour.

3.      On May 8, 2009, Trustee filed an application to employ AGG as attorney [Doc. No. 30], and, on May 28, 2009, the Court entered its Order [Doc. No. 31] approving the employment of AGG as counsel for Trustee.

**Narrative Summary of Services Performed**

4.      Debtor filed this Bankruptcy Case as a no-asset case.  [Doc. No. 1 at Page 1].

5.      Nevertheless, through the efforts of Trustee and his professionals, Trustee is currently holding $460,195.60 in the Bankruptcy Estate's bank account.  The estate funds resulted from, among other things, a November 24, 2009 stipulation between the Trustee and Zomba Recordings LLC ("**Zomba**") [Doc. No. 62] to split the continuing music royalties ("**Royalties**") owed to the Debtor with 20% being paid to the Bankruptcy Estate and 80% being paid to Zomba until Zomba's secured claim is satisfied.  Due to the 2016 sampling of a Bankruptcy Estate composition that resulted in a considerable increase in Royalties, the Zomba loan was satisfied in early 2019. The Trustee intends to locate a purchaser for the bankruptcy estate's rights in the pre-petition compositions and future royalty payments.

6.      To date, Trustee has recovered a total of approximately $559,000.00 from the Bankruptcy Estate's share of the Royalties and has paid administrative expenses totaling $99,239.76 relating to costs associated with the maintenance and insurance on the Debtor's primary residence while listed for sale by the Trustee, bank and technology fees, and federal and state income taxes on royalty income.

7.      As set forth in greater detail in the attached Exhibit "A," AGG has provided legal services to Trustee related to the following, among others: (a) negotiating a carve-out with the Internal Revenue Service related to its secured interest in Debtor's former primary residence and other legal issues related to protecting the interest of the estate in the same real property; (b)

13807399v1

negotiating a resolution regarding the secured interest of Zomba in the Royalties; (c) assisting Trustee with a forthcoming, prospective sale of the estate's interest in the Royalties; and (d) resolving claims issues, including alleged secured claims purportedly secured through the Royalties, which are choses in action.

8.    Because of the additional time required to close the bankruptcy case, contemporaneously with the filing of this Application, Trustee has filed a *Motion for Authority to Make Interim Distribution*, which proposes a 100% distribution to allowed, secured claimants, a 100% distribution to allowed, priority claimants, and a 3.0% initial distribution to timely filed, allowed, general unsecured claimants. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the bankruptcy case.

9.    AGG has provided significant and meaningful legal services in identifying and protecting the property interests of the Bankruptcy Estate.

10.    The blended hourly rate of AGG for this application is approximately $376.00 per hour.

**Particulars of Application and Johnson Factors**

11.    This application for allowance of compensation and reimbursement of expenses is the first application that AGG has filed in this Bankruptcy Case.

12.    Pursuant to the provisions of 11 U.S.C. § 331, AGG files this application in which it seeks interim compensation for services rendered as counsel for Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from May 8, 2009 through and including August 15, 2019.

13.    For the period covered by this application, AGG's attorneys and legal assistants

3

13807399v1

have devoted a total of not fewer than 170.00 hours in rendering services in this Bankruptcy Case. A summary of hours spent by each attorney or legal assistant is attached as Exhibit "A."

14. With respect to the services, which have been provided by AGG in this Bankruptcy Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate. AGG shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $63,871.50,[2] based primarily on the normal hourly rates of the attorneys and legal assistants providing such services, as set forth on Exhibit "A."

15. AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 cases.

16. AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases. The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

17. AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience and reputation in cases of similar

---

[2] As discussed above, in the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to the $445.00 per hour, and it has voluntarily reduced the 2019 billing rate of Meghan J. Wells from $300.00 per hour to $290.00 per hour.

13807399v1

complexity and size in the geographic area in which it practices.

18.    AGG shows that all services for which compensation is requested have actually been provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Bankruptcy Case and for the benefit of the Bankruptcy Estate and its creditors.

19.    AGG submits that it is entitled to allowance of compensation in the amount of not less than $63,871.50 based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A."  AGG shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below.  The following summarizes the application of the *Johnson* factors to this Bankruptcy Case:

(a)    *Time and labor required*:  AGG has expended a total of 170.00 attorney and legal assistant hours from May 8, 2009 through August 15, 2019.  The legal issues presented by this Bankruptcy Case have required a substantial amount of time and attention.

(b)    *Novelty and difficulty of the legal questions*: This Bankruptcy Case has involved numerous issues which are discussed, in part, in Exhibit "A," the narrative description of services provided.  These legal issues presented somewhat novel issues that required a substantial amount of time and effort to resolve.  Included in these legal issues was an argument related to whether a certain judgment lien had attached to the recovered choses in action, and, if so, the implications of the same.

13807399v1

(c) *Skill required to perform the legal services properly*:  Trustee chose AGG because AGG has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Bankruptcy Case.  AGG submits that this Bankruptcy Case has required extensive skill and experience.

(d) *Preclusion of other employment due to acceptance of this case*: Time and attention were necessarily and properly devoted to this Bankruptcy Case.  The extent and nature of the time and attention limited the capacity of the attorneys involved in this Bankruptcy Case to handle other matters.

(e) *Customary fee for similar work in the community*:  AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f) *Whether fee is fixed or contingent*:  This is not a contingency case except that there would be no estate without the actions undertaken by AGG, so payment has been dependent on AGG successfully making a recovery. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors.  Time was charged at hourly rates for attorney time.  Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, and any time constraints imposed by the client or the circumstances.  AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the attached expense description included in Exhibit "A."  The compensation AGG is seeking to be paid in this Bankruptcy Case,

6

subject to Court approval under 11 U.S.C. §§ 330 and 331, is based on hourly rates. However, it should be noted that the amount sought herein is less than 12% of the recoveries generated to date for the Bankruptcy Estate, a very good result considering the legal complexities that have arisen while shepherding this Bankruptcy Case to its current posture, including the fact that this case was originally filed as a no-asset case.

(g) *Time limitations imposed by the client or circumstances*:  AGG submits that its attorneys have been required to work under a number of time limitations imposed by the circumstances.  Specifically, time constraints were imposed due to various deadlines that have required immediate attention of AGG attorneys.  AGG has been required to meet time limitations imposed by the Bankruptcy Code, the Court, or parties-in-interest for filing of various motions or applications in order to complete matters timely.

(h)  *Amount involved and results obtained*:  AGG has been successful as bankruptcy counsel in shepherding this Bankruptcy Case through the bankruptcy process thus far and bringing into the estate over $550,000.00, notwithstanding the fact that Debtor originally filed this Bankruptcy Case as a no-asset case.

(i)  *Experience, reputation, and ability of attorneys*:  AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Bankruptcy Case and AGG has developed a reputation for such ability and experience.

(j)  *Undesirability of the case*: This is not a factor in this Bankruptcy Case except that there were no funds in the Bankruptcy Estate from which to compensate AGG, so it was at risk of non-payment absent a successful recover of assets.

(k)  *Nature and length of the professional relationship with the client*: This is not a factor in this Bankruptcy Case.

7

(l)    *Awards in similar cases*:   AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

(m)    *Other factors*:  No other factors exist in this Bankruptcy Case.

20.    Any compensation awarded by the Court will not be shared except among AGG's partners and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Bankruptcy Case.

21.    AGG shows further that it has incurred $154.78 in out-of-pocket expenses.  The expenses incurred in this Bankruptcy Case were actual, necessary expenses which are reasonable given the size of this Bankruptcy Case and the unavoidable costs of administration and coordination of service of notices and other documents.  Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

22.    Trustee has reviewed this application and has approved the requested amount.

23.    AGG requests that this application and attached exhibits be admitted into evidence at any hearing on this application.

24.    Based on the foregoing, AGG seeks allowance of $63,871.50 as interim compensation and $154.78 in reimbursement of expenses, in this case for a total of $64,026.28 for the period covered by this application.

WHEREFORE, AGG respectfully prays:

(a)  That AGG be allowed interim compensation in the amount of $63,871.50 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period covered by this application;

(b)  That AGG be allowed the sum of $154.78 for the reimbursement of out-of-pocket expenses incurred in this Bankruptcy Case for the period covered by this application;

13807399v1

(c)  That the Court grant the compensation and reimbursement of expenses sought herein

and authorize Trustee to pay the same as interim fees and reimbursement of expenses; and

(d)   That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 13th day of November, 2019.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-7030
(404) 873-7031 (facsimile)

9

**EXHIBIT "A" FOLLOWS**



**Arnall**
**Golden**
**Gregory** LLP

Greg Hays, Trustee in Bankruptcy                          September 30, 2019
Hays Financial Consulting, LLC                            Invoice #778026
2964 Peachtree Road, NW                                   Neil C. Gordon
Suite 555
Atlanta, GA  30305

---

**For Legal Services Rendered In Connection With:**

**Client/Matter #22151-8**
**Shaw, Todd Anthony, aka "Too Short"**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 05/08/09 | N. Gordon | 0.30 | 490.00 | 147.00 | Review, revise and execute application, affidavit and proposed order for employment on behalf of estate of counsel |
| 05/22/09 | N. Overholtzer | 0.70 | 155.00 | 108.50 | Revise and finalize application and order to appoint AGG, correspondence to S. Askue |
| 05/22/09 | N. Gordon | 0.30 | 490.00 | 147.00 | Review file and review, revise and supplement application to employ counsel |
| 06/12/09 | N. Gordon | 0.30 | 490.00 | 147.00 | Correspondence from and to Trustee (.2); memo to P. Bicknell (.1) |
| 06/16/09 | P. Bicknell | 0.30 | 150.00 | 45.00 | Correspondence to counsel for American Home Mortgage regarding status of foreclosure proceeding |
| 06/16/09 | N. Overholtzer | 0.70 | 155.00 | 108.50 | Review docket and update file and memo to N. Gordon regarding deadlines and hearing dates |
| 06/24/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Review order denying motion for counsel |
| 06/29/09 | N. Overholtzer | 0.60 | 155.00 | 93.00 | Correspondence to trustee regarding deadlines and 341 meeting status |
| 07/01/09 | N. Overholtzer | 1.50 | 155.00 | 232.50 | Correspondence to debtor's attorney, draft motion to extend time to object to discharge and proposed order |

---

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 2**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 07/01/09 | N. Gordon | 0.30 | 490.00 | 147.00 | Discussion with Scott Askue (.1); review and complete motion and court order on 727 objection to discharge extension (.2) |
| 07/02/09 | N. Overholtzer | 0.40 | 155.00 | 62.00 | File and serve motion and proposed order to extend 727 deadline |
| 07/07/09 | N. Gordon | 0.10 | 490.00 | 49.00 | Review consent order extending 727 objection deadline |
| 07/14/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Correspondence with opposing counsel |
| 07/27/09 | P. Bicknell | 0.50 | 150.00 | 75.00 | Telephone calls to lender's attorney and lender to investigate the status of any foreclosure proceeding and memo to file |
| 07/27/09 | N. Gordon | 0.70 | 490.00 | 343.00 | Review files (.8); call to Wright Banks and Donell Holiday (.2); correspondence from and to Wright Banks (.2) |
| 08/05/09 | P. Bicknell | 1.20 | 150.00 | 180.00 | Review of file and motions for relief from stay filed by lenders relating to real properties located at 1020 Forest Overlook and 1010 Forest Overlook (.30); conduct title research regarding the properties, debtor's ownership interest therein and current mortgages (.50); report of analysis to N. Gordon (.40) |
| 08/05/09 | N. Gordon | 0.50 | 490.00 | 245.00 | Work on opposition to relief from stay motion |
| 08/07/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Review motion to withdraw and documents |
| 08/12/09 | N. Gordon | 0.70 | 490.00 | 343.00 | Review title reports and all documents on 1010 and 1020 Overlook Trail |
| 09/01/09 | N. Gordon | 0.60 | 490.00 | 294.00 | Review Scott Askue correspondence and documents and contact F. White and notify Scott |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 09/15/09 | F. White | 1.10 | 405.00 | 445.50 | Review background correspondence and documents (.3); call to S. Askue regarding issues concerning music publishing income (.1); teleconference with S. Askue regarding same and other issues relating to streams and sources of revenue typically streaming to a recording artist to a songwriter, possible marketing of copyrights to purchaser (.2); research regarding purchasers actively buying song catalogs (.5) |
| 09/25/09 | N. Overholtzer | 1.50 | 155.00 | 232.50 | Review case status with N. Gordon, revise motion and draft notice of hearing on to extend 727 deadline and correspondence to debtor's attorney |
| 09/29/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Review and complete extension motion and hearing notice on objecting to discharge |
| 10/27/09 | N. Overholtzer | 0.60 | 155.00 | 93.00 | Draft order for extension of time and prepare related documents for presentation at trial |
| 10/28/09 | N. Gordon | 1.70 | 490.00 | 833.00 | Review Zomba pleadings and documents (1.5); memo to F. White (.2) |
| 10/28/09 | F. White | 2.70 | 405.00 | 1093.50 | Review motion for stay relief and accompanying exhibits filed by Zomba Recording LLC (1.4); research and review case law and authorities cited in Zomba motion (1.1); conference with N. Gordon and call to S. Askue re: same (.2) |
| 10/28/09 | P. Bicknell | 0.70 | 150.00 | 105.00 | Review of file and motion for extension of 727 deadline, obtain and review court docket for objections filed and prepare proposed Order |
| 10/29/09 | F. White | 0.90 | 405.00 | 364.50 | Teleconference with S. Askue re: various issues raised by stay relief motion and possibility that certain compositions are not covered by perfected security interest |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 4

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 10/29/09 | N. Gordon | 1.20 | 490.00 | 588.00 | To U.S. Bankruptcy Court and attend hearing on extension of 727 deadline to object and have granted |
| 11/02/09 | F. White | 1.70 | 405.00 | 688.50 | Teleconferences with S. Askue and F. DeBorde re: numerous issues relating to stay relief motion filed by Zomba Recording (1.0); correspondence to F. DeBorde summarizing discussion and unanswered questions necessary to formulation of Trustee's position on motion (.7) |
| 11/03/09 | F. White | 3.30 | 405.00 | 1336.50 | Additional correspondence from/to S. Askue (.3); additional research on perfection of security interest in works that are unregistered or registered after filing of security agreement with US Copyright Office (1.8); follow-up correspondence to S. Askue (.2); additional research on effect, if any, of UCC financing statement filed by Zomba (1.0) |
| 11/09/09 | F. White | 1.40 | 405.00 | 567.00 | Teleconference with S. Askue and analysis of royalty statements and documentation provided by ZEI (.8); teleconference with F. DeBorde to discuss same and convey settlement proposal (.3); follow-up correspondence to F. DeBorde and S. Askue (.3) |
| 11/10/09 | F. White | 0.40 | 405.00 | 162.00 | Correspondence from/to F. DeBorde and forward copies of royalty analysis summary and 9th Circuit opinion that support Trustee's position |
| 11/11/09 | F. White | 1.60 | 405.00 | 648.00 | Correspondence from/to F. DeBorde, to S. Askue re: settlement counterproposal by Zomba (.5); analyze settlement counteroffer from F. DeBorde and teleconference with S. Askue re: same (.5); draft correspondence to F. DeBorde summarizing factual and legal basis and tendering counteroffer by Trustee (.6) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 5**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/12/09 | F. White | 0.90 | 405.00 | 364.50 | Finalize and send correspondence to F. DeBorde conveying settlement counteroffer and basis therefor (.2); correspondence from F. DeBorde accepting settlement proposal (.1); follow-up correspondence to F. DeBorde, S. Askue and N. Gordon (.6) |
| 11/13/09 | N. Gordon | 0.60 | 490.00 | 294.00 | Review correspondence re settlement and review proposed agreement and comment thereon |
| 11/13/09 | F. White | 2.90 | 405.00 | 1174.50 | Draft consent order resolving dispute over held music publishing royalties (2.2); draft cover and circulate same to S. Askue and N. Gordon for approval (.3); revise and recirculate draft order per comments from S. Askue (.4) |
| 11/16/09 | N. Gordon | 0.50 | 490.00 | 245.00 | Review and determine how to memorialize settlement with proper notice |
| 11/16/09 | F. White | 2.50 | 405.00 | 1012.50 | Revise draft stipulation and order resolving motion for stay relief (.8); draft cover and forward same to counsel for Zomba and ZEI (.3); correspondence with N. Gordon and consider need to file 9019 motion for approval of resolution (.2); teleconference with F. DeBorde (.2); revise draft stipulation and order per his comments (.3); draft cover and re-circulate revised draft to F. DeBorde and W. Terry for review and further comments (.5); draft cover and forward same to S. Askue (.2) |
| 11/18/09 | F. White | 2.60 | 405.00 | 1053.00 | Call from F. DeBorde (.2); revise draft of proposed stipulation and order to incorporate his further comments (.4); draft cover to both counsel and re-circulate proposed order for any comments from Wayne Terry, counsel for ZEI (.6); call from Scott Askue (.3); teleconferences with S. Askue and F. DeBorde re: tax liability issue raised by Trustee's office (.3); consider same and ways to avoid same in connection with distribution of funds held by ZEI (.8) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 6**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/18/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Review issues with Frank White re settlement |
| 11/19/09 | F. White | 2.20 | 405.00 | 891.00 | Pre-hearing correspondence with S. Askue and conference with F. DeBorde (.2); travel to/from US Bankruptcy Court and attend hearing on stay relief motion and announce status of proposed resolution on the record (1.8); post-hearing teleconference with S. Askue (.2) |
| 11/19/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Contact Merrill Jacobson at Georgia Department of Revenue |
| 11/19/09 | P. Bicknell | 2.20 | 150.00 | 330.00 | Prepare draft of joint stipulation and settlement between Trustee and GDR providing a carve-out to the estate |
| 11/20/09 | F. White | 3.10 | 405.00 | 1255.50 | Teleconferences with S. Askue (.2); correspondence to F. DeBorde (.4); draft revised version of stip and order on motion for stay relief to provide for filing of abandonment notice by Trustee and direct disbursements of held funds by ZEI to Trustee and Zomba (1.1); follow-up correspondence from/to S. Askue (.2); draft cover to counsel for Zomba and ZEI to accompany revised draft of stip (.2); follow-up call with F. DeBorde (.1); revise and re-circulate draft stip and order (.4); draft notice of intent to abandon (.3); follow-up with N. Gordon and S. Askue on abandonment issue (.2) |
| 11/20/09 | N. Gordon | 1.30 | 490.00 | 637.00 | Calls from and to M. Jacobson at GDR (.2); telephone conference with same and memo to file re carve-out (.2); review file and draft correspondence with client (.5); memo to P. Bicknell to draft agreement, terms, etc. (.4) |
| 11/23/09 | N. Gordon | 0.50 | 490.00 | 245.00 | Address carve-out issues with P. Bicknell and correspondence with Scott Askue |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 7**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/23/09 | F. White | 1.10 | 405.00 | 445.50 | Correspondence from/to W. Terry re: information found on 1099 issue, single vs. two payees on royalty distributions and other aspects of stip and order on Zomba stay relief motion (.5); revise stip and order to create version to be submitted without ZEI consent (.3); finalize version of stip and order without ZEI consent and arrange for submission to Judge Diehl's chambers (.3) |
| 11/24/09 | N. Gordon | 1.30 | 490.00 | 637.00 | Review file and review and redraft settlement agreement and draft correspondence to trustee re same |
| 11/24/09 | N. Gordon | 0.50 | 490.00 | 245.00 | Review final draft of agreement with GDR and letter to M. Jacobson at GDR re same |
| 11/24/09 | F. White | 0.30 | 405.00 | 121.50 | Review signed order from Judge Diehl (.1); correspondence re: same to Scott Askue and Frank DeBorde (.1); revise and arrange for filing and service of abandonment notice (.1) |
| 11/24/09 | F. White | 0.40 | 405.00 | 162.00 | Correspondence with Frank DeBorde, Scott Askue and others re: potential sale of underlying copyrights in Todd Shaw song catalog |
| 11/25/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Review stipulation and order re Zomba Recording |
| 12/01/09 | N. Gordon | 2.20 | 490.00 | 1078.00 | Review file (.2) and correspondence with Wright Banks at GDR (.2); review and make revisions to settlement (.3) and draft BR 9019 motion and hearing notice (1.5) |
| 12/02/09 | F. White | 0.30 | 405.00 | 121.50 | Correspondence from W. Terry, to S. Askue re: Form W-9 needed to be submitted by Trustee prior to royalty disbursement |
| 12/07/09 | N. Gordon | 0.20 | 490.00 | 98.00 | Telephone conference with  Scott Askue re turnover and other issues |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 8**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 12/09/09 | F. White | 0.50 | 405.00 | 202.50 | Correspondence with F. DeBorde and W. Terry; draft written notice to W. Terry re: expiration of abandonment notice period required under Court's 11/24/09 order; follow-up correspondence to F. DeBorde and S. Askue |
| 12/10/09 | F. White | 0.10 | 405.00 | 40.50 | Finalize and send notice to W. Terry that no objections to abandonment were filed, triggering deadline for wire transfer of held funds to Trustee and Zomba |
| 12/14/09 | P. Bicknell | 1.00 | 150.00 | 150.00 | Review of listing agreement (.20); prepare application to employ realtor under listing agreement and proposed Order (.80) |
| 12/14/09 | N. Gordon | 0.40 | 490.00 | 196.00 | Correspondence from and to trustee re need for turnover complaint |
| 12/16/09 | N. Gordon | 0.40 | 490.00 | 196.00 | Review listing agreement and review, revise and execute application and proposed order for employment on behalf of estate of realtor |
| 12/18/09 | F. White | 0.20 | 405.00 | 81.00 | Teleconference with Scott Askue re: issues relating to marketing and possible sale of Todd Shaw song catalog |
| 01/04/10 | N. Gordon | 0.90 | 495.00 | 445.50 | Correspondence with Trustee re problems with home and necessity of turnover complaint (.4); follow-up with N. Overholtzer re same and discharge issues and deadline (.5) |
| 01/04/10 | N. Overholtzer | 1.60 | 155.00 | 248.00 | Draft complaint for turnover and 363 motion |
| 01/04/10 | Z. Wilson | 0.50 | 210.00 | 105.00 | Review file and e-mails regarding turnover complaint against the debtor |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 9**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/05/10 | N. Overholtzer | 3.40 | 155.00 | 527.00 | Draft complaint for turnover and to sell residence pursuant to 363 (1.8); research attorneys and registered agents (.5); draft certificate of service (.3); and draft motion and notice of hearing to extend 727 deadline indefinitely (.8) |
| 01/06/10 | Z. Wilson | 1.50 | 210.00 | 315.00 | Review the file and complaint (.4); email correspondence to N. Gordon regarding Count I of the complaint (.1); reply to email correspondence from N. Gordon regarding complaint (.3); review and edit the complaint (.7) |
| 01/07/10 | Z. Wilson | 3.30 | 210.00 | 693.00 | Review file and re-draft complaint for turnover against T. Shaw, D. Shaw and W. Shaw (1.8); conference with M. Holbein regarding which counts must be included in the turnover complaint (.3); edit complaint to add additional counts (.3); edit complaint and certificate of service (.7); review trustee's motion for indefinite extension of deadline to object to extensions and conference with N. Overholtzer regarding same (.2) |
| 01/11/10 | N. Overholtzer | 0.40 | 155.00 | 62.00 | Revise motion to extend time to object to discharge |
| 01/11/10 | N. Gordon | 1.20 | 495.00 | 594.00 | Review report on access to the property (.2); review and redraft of complaint and direct injunctive counts, preliminary injunctive motion, etc. (1.0) |
| 01/11/10 | Z. Wilson | 1.20 | 210.00 | 252.00 | Conference with N. Gordon regarding strategy for prosecuting the adversary and preliminary injunction and reviewing the complaint (.5); review and edit complaint(.5); review the file (.2) |
| 01/12/10 | P. Bicknell | 0.60 | 150.00 | 90.00 | Review of file and motion for approval of settlement agreement between trustee and GA Department of Revenue and obtain and review court docket regarding objections or responses filed (.20); prepare proposed order (.40) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 10**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 01/12/10 | N. Gordon | 0.30 | 495.00 | 148.50 | Review file and review and complete motion to extend 727 objection and related hearing notice |
| 01/13/10 | N. Gordon | 0.50 | 495.00 | 247.50 | Review file in preparation for hearing and review and complete proposed order |
| 01/14/10 | N. Gordon | 1.40 | 495.00 | 693.00 | To U.S. Bankruptcy Court and attend hearing on settlement motion and have order submitted |
| 01/15/10 | N. Gordon | 0.10 | 495.00 | 49.50 | Review entered order on settlement motion |
| 01/18/10 | Z. Wilson | 0.70 | 210.00 | 147.00 | Review the complaint for turnover with M. Holbein (.2); incorporate M. Holbein's comments and suggestions into complaint (.5) |
| 01/19/10 | Z. Wilson | 0.30 | 210.00 | 63.00 | Conference with M. Holbein regarding sufficiency of complaint for turnover |
| 01/19/10 | Z. Wilson | 0.50 | 210.00 | 105.00 | Edit complaint for turnover (.4); have it electronically filed (.1) |
| 01/20/10 | S. Ford | 0.20 | 155.00 | 31.00 | Telephone call from Marjorie Mandanis regarding her client and debtor's record deal with RND Corporation in Houston with memorandum to S. Bao regarding possible undisclosed asset |
| 02/04/10 | M. Holbein | 1.20 | 335.00 | 402.00 | Review file and attend hearing on motion to extend time to object to discharge |
| 02/17/10 | Z. Wilson | 0.20 | 210.00 | 42.00 | Review docket and calender response deadline |
| 02/24/10 | Z. Wilson | 0.20 | 210.00 | 42.00 | Review docket to determine whether any defendant has answered the complaint |
| 03/01/10 | N. Gordon | 0.50 | 495.00 | 247.50 | Correspondence with Trustee re adversary proceeding (.2); review, revise and complete affidavit and entry of default (.3) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 11**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 03/01/10 | Z. Wilson | 1.10 | 210.00 | 231.00 | Review email from N. Gordon regarding whether the defendants have answered the turnover complaint (.1); draft request for entry of default (.5); review request for entry of default and draft certificate of service for the same (.2); draft affidavit accompanying the request for entry of default (.3) |
| 03/12/10 | Z. Wilson | 0.40 | 210.00 | 84.00 | Draft motion for default judgment |
| 03/17/10 | N. Overholtzer | 1.50 | 155.00 | 232.50 | Draft motion for default judgment, default order and default judgment |
| 03/17/10 | N. Gordon | 0.60 | 495.00 | 297.00 | Review correspondence to trustee and review file (.2); reply re motion for default judgment (.1); review, revise and complete motion and affidavit (.30 |
| 03/17/10 | Z. Wilson | 0.80 | 210.00 | 168.00 | Review and edit the motion for default judgment; have same signed and executed |
| 03/22/10 | Z. Wilson | 0.20 | 210.00 | 42.00 | Memo to N. Overholtzer regarding motion for default judgment |
| 04/06/10 | Z. Wilson | 0.20 | 210.00 | 42.00 | Memo to N. Overholtzer regarding status of order granting default |
| 04/09/10 | N. Overholtzer | 0.40 | 155.00 | 62.00 | Review docket and revise default motion and judgment |
| 04/20/10 | N. Gordon | 0.40 | 495.00 | 198.00 | Work on default order and judgment |
| 04/20/10 | Z. Wilson | 0.50 | 210.00 | 105.00 | Review order and judgment and revise same |
| 06/11/10 | N. Gordon | 0.20 | 495.00 | 99.00 | Review entered order granting default judgment and abandonment of personal property |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 12**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 07/16/10 | P. Bicknell | 0.80 | 160.00 | 128.00 | Review of correspondence from Client regarding Chase's stay violation and foreclosure of the property at 1010 Forest Overlook and review of court docket regarding case status (.30); correspondence to REO representative regarding bankruptcy filing and stay violation (.50) |
| 07/16/10 | P. Bicknell | 0.60 | 160.00 | 96.00 | Telephone calls to Johnson & Freedman,LLC foreclosing attorneys regarding invalid foreclosure sale and stay violation (3 calls) |
| 07/16/10 | P. Bicknell | 0.50 | 160.00 | 80.00 | Correspondence to foreclosure attorney regarding stay violation and demanding rescission of foreclosure sale |
| 07/16/10 | N. Gordon | 0.30 | 495.00 | 148.50 | Review and response to correspondence from Trustee regarding foreclosure in violation of the stay |
| 07/19/10 | N. Gordon | 0.40 | 495.00 | 198.00 | Work on getting stay violation foreclosure sale rescinded |
| 07/19/10 | N. Overholtzer | 0.40 | 165.00 | 66.00 | Review real estate filings and report to S. Askew and P. Bicknell |
| 09/23/10 | P. Bicknell | 0.50 | 160.00 | 80.00 | Review of motion for relief from stay by lender regarding property located at 1020 Forest Overlook Drive and correspond with realtor regarding status of listing and interest shown |
| 10/06/10 | P. Bicknell | 0.60 | 160.00 | 96.00 | Review of file and motion for relief from stay and court docket regarding case status (.30); correspondence to client regarding status of listing, attending stay relief hearing and opposition to motion (.30) |
| 12/15/10 | Z. Wilson | 0.30 | 210.00 | 63.00 | Memo to P. Bicknell regarding 727 complaint |
| 07/22/11 | Z. Wilson | 0.50 | 230.00 | 115.00 | Review status of adversary proceeding and main bankruptcy case |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 13**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 06/08/16 | M. Bargar | 0.40 | 365.00 | 146.00 | Telephone call to Trustee regarding status of recoveries and legal issues related to same (.3); draft memo to N. Gordon regarding same and strategies moving forward (.1) |
| 07/19/16 | M. Bargar | 0.20 | 365.00 | 73.00 | Telephone call to Wayne Terry, counsel for ZEI, regarding balance of outstanding obligation to ZEI and related legal issues (.1); draft correspondence to Trustee regarding same (.1) |
| 07/20/16 | M. Bargar | 0.50 | 365.00 | 182.50 | Telephone call to Trustee regarding legal issues related to sale of interest in royalties and secured interest in same (.2); gather facts in preparation for telephone call to Joann Chow at Universal regarding royalty payments and security interests and claim to same (.2); telephone call to Joann Chow at Universal regarding same (.1) |
| 07/22/16 | M. Bargar | 0.70 | 365.00 | 255.50 | Telephone call from JoAn Cho, counsel at Universal, regarding status of payments from Zomba Recording, LLC, which is now owned by Universal, and related legal issues (.2); draft correspondence to Trustee regarding same (.2); evaluate and analyze file and gather facts regarding same including provisions in stipulation entered into between Trustee and Zomba (.3) |
| 07/25/16 | M. Bargar | 0.50 | 365.00 | 182.50 | Evaluate and analyze correspondence from Trustee related to inquiries from Zomba and Universal related to status of royalty payments and consider legal issues and strategies related to same moving forward, including strategy to obtain payoff of alleged debt owed to Zomba/Universal (.3); evaluate and analyze stipulation entered into in 2009 between Trustee and Zomba regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 14**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 08/15/16 | M. Bargar | 2.20 | 365.00 | 803.00 | Telephone call from Trustee regarding status of payments from Zomba Enterprises Inc (now Universal) and determination of claim amount of Zomba Recording LLC (now Sony) and legal issues regarding same (.2); legal research, gather facts, and review file regarding same (.6); telephone call to Joan Cho, in house counsel for Universal, regarding same (.2); telephone call to Trustee regarding same (.1); telephone call to Frank DeBorde, counsel for Zomba Recording, LLC (now Sony) regarding same (.1); draft correspondence Frank DeBorde regarding same (.5); draft correspondence to Frank DeBorde regarding same (.1); telephone call to Julie Shapiro at Sony Music regarding same (.1); draft correspondence to Trustee regarding same (.1); draft memo to N. Gordon regarding same including status of case and related legal issues (.2) |
| 08/16/16 | M. Bargar | 1.40 | 365.00 | 511.00 | Telephone call to Julie Shapiro, counsel for Sony, regarding claim of Sony (formerly Zomba Recording, LLC) and related legal issues (.2); telephone call from Trustee regarding same (.3); draft detailed correspondence to Julie Shapiro regarding same (.8); telephone call to Trustee regarding same (.1) |
| 09/08/16 | M. Bargar | 1.10 | 365.00 | 401.50 | Evaluate and analyze correspondence from Julie Shapiro of Sony Music regarding balance of debt owed to Zomba Recording and consider legal issues related to same (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.3); draft correspondence to Julie Shapiro of Sony regarding same (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same and legal issues and strategies moving forward (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 15**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 06/06/17 | M. Bargar | 0.90 | 395.00 | 355.50 | Telephone call from Trustee regarding status of case and recoveries from royalties of debtor and legal issues related to closing of same (.3); review file and consider legal issues related to same including legal issues related to potential sale of cash flow (.5); telephone call to JoAn Cho at Universal Music Group related to same (.1) |
| 06/07/17 | M. Bargar | 0.40 | 395.00 | 158.00 | Telephone call from JoAn Cho at Universal Music Group related to post petition payments to Sony and related legal issues (.2); telephone call to Trustee regarding same (.2) |
| 06/12/17 | M. Bargar | 0.10 | 395.00 | 39.50 | Telephone call from Trustee regarding status of accounting from JoAn Cho, counsel for Universal, and legal issues related to sale of future cash flow |
| 06/29/17 | M. Bargar | 0.20 | 395.00 | 79.00 | Telephone call to Trustee regarding legal issues and strategies related to potential sale of royalty cash flow |
| 07/10/17 | M. Bargar | 0.20 | 395.00 | 79.00 | Draft memo to N. Gordon regarding status of case and legal issues related to sale of payment stream |
| 07/19/17 | M. Bargar | 0.30 | 395.00 | 118.50 | Telephone call to Jo Ann Cho of Universal regarding accounting of royalties and extent of lien of secured lender (.2); draft correspondence to Trustee regarding same (.1) |
| 09/19/17 | M. Bargar | 0.20 | 395.00 | 79.00 | Telephone call from Trustee to discuss strategies related to causing accounting from payee of funds to estate and other settling party |
| 02/22/18 | M. Bargar | 0.90 | 430.00 | 387.00 | Draft correspondence to Trustee (x3) regarding motion to pay administrative expenses (.2); gather facts and consider legal issues regarding same (.2); draft motion to pay administrative tax expenses from 2017 gains (.4); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 16**

| **DATE** | **TIMEKEEPER** | **HOURS** | **RATE** | **AMOUNT** | **DESCRIPTION** |
|---|---|---|---|---|---|
| 02/23/18 | M. Bargar | 0.50 | 430.00 | 215.00 | Draft notice of hearing regarding motion to pay tax administrative expenses (.2); draft memo to support staff regarding filing and service of same along with motion (.1); edit COS regarding notice of hearing (.1); draft memo to support staff regarding same (.1) |
| 03/28/18 | N. Gordon | 0.60 | 560.00 | 336.00 | Review file in preparation for hearing (.4); memo to and from M.Bargar (.2) |
| 03/29/18 | N. Gordon | 1.30 | 560.00 | 728.00 | To U.S. Bankruptcy Court and attend hearing on motion to authorize tax payments (1.2); memo to M.Bargar re outcome (.1) |
| 03/29/18 | M. Bargar | 1.20 | 430.00 | 516.00 | Draft proposed order on motion to pay administrative expense claims (.4); draft correspondence to Trustee regarding same (.2); draft correspondence to Lindsay Kolba regarding same (.3); continue to draft same in preparation for uploading of same (.2); draft correspondence to Trustee regarding same (.1) |
| 06/04/18 | M. Bargar | 0.60 | 430.00 | 258.00 | Evaluate and analyze correspondence from Jim Jennings, estate accountant, regarding tax implications of recoveries and potential additional recoveries from post-petition royalties paid to debtor (.4); telephone call from Jim Jennnings regarding same (.2) |
| 06/20/18 | M. Bargar | 0.70 | 430.00 | 301.00 | Telephone call from Jim Jennings, estate accountant, regarding potential recoveries from royalty streams that are being paid to debtor (.3); evaluate and analyze memo from Jim Jennings regarding same and consider appropriate strategies and legal issues related to same (.4) |
| 06/26/18 | M. Bargar | 0.50 | 430.00 | 215.00 | Telephone call from Jim Jennings, estate accountant, regarding legal and tax issues related to recoveries from payors set forth on 1099s recovered from IRS |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 17**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 07/24/18 | M. Bargar | 0.50 | 430.00 | 215.00 | Telephone call to Trustee regarding legal issues related to examation of Sony related to accounting of royalty payments (.3); gather facts and consider legal issues regarding same (.2) |
| 07/28/18 | M. Bargar | 1.50 | 430.00 | 645.00 | Gather facts and consider legal issues related to Rule 2004 Motion directed at Universal Music (.4); draft Rule 2004 Motion regarding same (1.1) |
| 07/30/18 | M. Bargar | 0.80 | 430.00 | 344.00 | Continue to draft Rule 2004 motion of Universal (.4); draft correspondence to Trustee regarding same (.2); telephone call to Trustee regarding same (.2) |
| 08/04/18 | M. Bargar | 0.70 | 430.00 | 301.00 | Gather facts related to Rule 2004 motion of Sony (.2); draft Rule 2004 motion regarding document production by Sony (.5) |
| 08/09/18 | M. Bargar | 2.00 | 430.00 | 860.00 | Continue to gather facts and consider legal issues related to Rule 2004 exams of Universal and Sony, or their predecessors in interest (.7); continue to draft Rule 2004 motion of Universal (.6); continue to draft rule 2004 motion of Sony (.7) |
| 08/10/18 | M. Bargar | 1.20 | 430.00 | 516.00 | Continue to draft 2004 motions for Sony and Universal in preparation for filing of same (.4); draft order for Sony motion (.3); draft order for Universal motion (.2); draft correspondence to support staff regarding service of motions (.1); continue to draft orders in preparation for uploading of same (.2); draft correspondence to Frank DeBorde, former attorney for lender, regarding 2004 motions related to successor entities (.2) |
| 08/17/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Draft memo to support staff regarding uploading of order on motion for 2004 exam of Sony |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 18**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 08/20/18 | M. Bargar | 0.50 | 430.00 | 215.00 | Telephone call to Jo Anne Cho at Universal Music regarding Rule 2004 examination and requested documents and information (.4); gather facts and consider legal issues related to status of order on Sony 2004 motion (.1) |
| 08/21/18 | M. Bargar | 1.10 | 430.00 | 473.00 | Evaluate and analyze accounting provided by Universal Music in response to Rule 2004 order and consider implications of same in relationship to stipulation approved by Court (.5); meet with Trustee regarding same (.1); draft correspondence to Trustee regarding same (.2); confirm status of Rule 2004 order related to Sony (.1); telephone call to Trustee regarding same (.2) |
| 08/27/18 | M. Bargar | 0.60 | 430.00 | 258.00 | Telephone call from Julie Shapiro, counsel for Sony, regarding accounting of outstanding debt and related matters regarding Trustee's 2004 motion (.3); draft correspondence to Julie Shapiro regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 09/12/18 | M. Bargar | 0.30 | 430.00 | 129.00 | Telephone call to Julie Shapiro and David Castagna, counsel for Sony Music, regarding extension of time to respond to 2004 order document request (.1); telephone call from Julie Shapiro regarding same (.1); telephone call to Trustee regarding same (.1) |
| 09/13/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Draft correspondence to Julie Shapiro regarding extension of time for SONY to comply with document production order |
| 10/09/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Telephone call to Trustee regarding legal issues related to interim distribution and strategies moving forward as to same |
| 10/09/18 | M. Bargar | 0.40 | 430.00 | 172.00 | Telephone call to Trustee regarding interim distribution and legal issues related to same, including future payments owed to secured lender (.3); draft memo to N. Gordon regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 19**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 10/10/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Draft correspondence to Julie Shapiro at SONY regarding additional extension of time for response regarding Rule 2004 motion |
| 11/08/18 | M. Bargar | 0.40 | 430.00 | 172.00 | Gather facts in preparation for telephone call to Julie Shapiro, of Sony Music, regarding its outstanding document production (.2); telephone call to Julie Shapiro regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 11/09/18 | M. Bargar | 2.30 | 430.00 | 989.00 | Telephone call from Julie Shapiro, counsel for Sony, regarding document production in response to Rule 2004 motion and order of Trustee (.2); draft correspondence to Trustee regarding same (.2); evaluate and analyze accounting provided by Sony in response to same and consider legal implications of same, including sale of royalties and related cash flows (.6); draft correspondence to Trustee regarding same (.1); continue to gather facts, and evaluate and analyze production by Sony (.7); telephone call to Trustee regarding same (.3); draft correspondence to Trustee regarding same (.1); draft memo to N. Gordon regarding interim distribution and related legal issues (.1) |
| 11/12/18 | M. Bargar | 0.70 | 430.00 | 301.00 | Telephone call to Trustee regarding sale of royalties, secured claim of Sony, and related legal issues (.4); draft memo to F. White regarding same (.1); telephone call to Trustee regarding payment of secured claim as part of interim distribution and related legal issues (.2) |
| 11/14/18 | M. Bargar | 0.40 | 430.00 | 172.00 | Telephone call to Trustee regarding legal issues related to interim distribution, payments to administrative expense holders and other matters (.2); gather facts and consider legal issues related to same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 20**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/19/18 | M. Bargar | 2.00 | 430.00 | 860.00 | Evaluate and analyze filed claims and consider legal strategies related to objections to same, including claim for alleged fraud that was originally raised in California action (1.3); draft memo to N. Gordon regarding delay of distribution in this case as a result of secured claims (.1); telephone call from JoAn Cho of Universal regarding potential purchase of royalties from estate (.2); gather facts and consider legal issues related to same, including sale free and clear and implications of IRS claim on same (.4) |
| 11/26/18 | M. Bargar | 0.30 | 430.00 | 129.00 | Telephone call to JoAn Cho, counsel for Universal, regarding its interest in purchasing music catalog from estate and related legal issues (.2); draft correspondence to Trustee regarding same (.1) |
| 11/27/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Telephone call to Trustee regarding legal issues related to sale of music book to Universal and potential other recoveries from entities that sent 1099 to Debtor |
| 11/30/18 | M. Bargar | 0.20 | 430.00 | 86.00 | Draft memo to Frank White regarding legal issues related to sale of music rights to Universal and related matters going forward (.1); evaluate and analyze responsive memo from Frank White regarding same and consider legal issues and strategies moving forward (.1) |
| 12/05/18 | F. White | 0.30 | 535.00 | 160.50 | Draft and review memos to and from Mike Bargar and Matt Wilson regarding legal issues and strategies related to pending sale of copyright property interests |
| 12/05/18 | M. Bargar | 1.40 | 430.00 | 602.00 | Draft memo to Matt Wilson regarding legal issues related to sale of estate's interest in royalty stream (.3); gather facts and consider legal issues related to same, including details of current property interests (.8); draft and review memos to and from Frank White and Matt Wilson regarding same (.3) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 21**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 12/05/18 | M. Wilson | 0.30 | 495.00 | 148.50 | Draft and review memos to and from Frank White and Matt Wilson regarding legal issues and strategies related to pending sale of copyright property interests |
| 12/13/18 | M. Bargar | 0.60 | 430.00 | 258.00 | Draft correspondence to Trustee regarding outstanding payments from Universal and related legal issues (.1); draft correspondence to Trustee regarding same (.2); evaluate and analyze produced documents from Universal and Sony and consider legal issues related to same (.3) |
| 12/14/18 | M. Bargar | 0.60 | 430.00 | 258.00 | Draft correspondence to JoAn Cho, of Universal, regarding offer to buy estate's music rights and related legal issues (.3); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.2) |
| 12/18/18 | M. Bargar | 0.70 | 430.00 | 301.00 | Telephone call from Linda Newmark at Universal Music Publishing regarding its interest in purchasing music royalties and related legal issues (.4); gather facts and consider legal issues related to same (.1); draft correspondence to Trustee regarding same (.2) |
| 12/19/18 | M. Bargar | 1.00 | 430.00 | 430.00 | Evaluate and analyze correspondence from JoAn Cho regarding payment made in October 2018 (.1); draft correspondence to Trustee regarding same (.2); draft correspondence to JoAn Cho, counsel for Universal, regarding outstanding payment from Fall of 2018 (.4); draft correspondence to JoAn Cho regarding same (.1); telephone call from JoAn Cho regarding same (.2) |
| 01/03/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Draft correspondence to Trustee regarding compelling payment of Q4 payment and related legal issues |

---

**Atlanta, GA | Washington, DC**

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-8

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 22

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 01/22/19 | M. Bargar | 0.60 | 445.00 | 267.00 | Draft correspondence to Trustee regarding his receipt of Q3 2018 payment from Universal (.1); draft correspondence to JoAn Cho, counsel for Universal, regarding same (.2); telephone call to Linda Newmark of Universal regarding purchase of copyright interests (.2); draft correspondence to Trustee regarding same (.1) |
| 01/23/19 | M. Bargar | 1.10 | 445.00 | 489.50 | Telephone call from Linda Newmark of Universal regarding offer to buy royalties (.3); telephone call to Trustee regarding same (.3); evaluate and analyze docket and filed proofs of claim regarding same (.4); draft memo to Frank White regarding same (.1) |
| 01/24/19 | M. Bargar | 0.80 | 445.00 | 356.00 | Gather facts and consider legal issues regarding revelation from Linda Newmark of Universal that it has a contract of copyright rights with Dangerous Music Inc and consider legal implications of same |
| 01/29/19 | M. Bargar | 0.90 | 445.00 | 400.50 | Gather facts and consider legal issues regarding sale of royalties and cash flow and in preparation for correspondence to Linda Newmark at Universal Music Publishing regarding same (.3); draft correspondence to Linda Newmark regarding same (.3); telephone call to Trustee regarding same (.3) |
| 02/14/19 | M. Bargar | 0.60 | 445.00 | 267.00 | Draft correspondence to Trustee regarding request from Universal related to Q3 payment and related legal issues (.1); draft correspondence to Christopher Clapp, Universal representative, regarding same (.2); draft memo to Frank White regarding payment and legal issues related to sale of royalties to Universal (.3) |
| 02/18/19 | M. Bargar | 0.50 | 445.00 | 222.50 | Telephone call from Trustee regarding check from third quarter 2018 and legal issues related to same (.2); evaluate and analyze same and consider legal issues related to deposit of same (.2); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 23**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 02/21/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Evaluate and analyze legal issues related to authority to pay 2018 taxes (.1); draft correspondence to Trustee regarding same (.1) |
| 03/07/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Linda Newmark, counsel for Universal, regarding documents related to income stream from music royalties |
| 03/15/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Draft correspondence to Trustee regarding agreements in possession of Universal and related legal issues (.1); evaluate and analyze same and consider legal issues related to agreements and implications of same on sale of royalties (1.1); draft correspondence to Trustee regarding same (.2) |
| 03/21/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Draft motion to pay 2018 tax obligations (.3); draft correspondence to Trustee regarding same (.1) |
| 03/22/19 | M. Bargar | 1.10 | 445.00 | 489.50 | Draft memo to support staff regarding motion to pay administrative expenses (.1); draft proposed order regarding same (.3); draft memo to support staff regarding same (.1); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.3); draft correspondence to Trustee regarding entry of order and payment of expenses related to same (.1); draft correspondence to Trustee regarding same and related legal issues (.1) |
| 03/22/19 | T. Daniel | 1.20 | 185.00 | 222.00 | Review and analyze memo from M. Bargar regarding Motion to Pay Administrative Expense (.10); Prepare Motion for filing with Court and draft memo to M. Bargar for approval to file and serve (.20); Review approval email from M. Bargar and file Motion with Court and serve Motion on all parties (.60); Edit Order and memo to M. Bargar for approval to upload and file (.10); Review approval email to upload Order and file with court (.20) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 24

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 03/25/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Telephone call from Trustee regarding sale of royalties and related legal issues |
| 04/01/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Gather facts and consider legal issues related to payment of Sony Claim and payments going forward from Universal, including detailed review of filed claims and assertion of secured position (1.1); draft correspondence to Linda Newmark, counsel for Universal, regarding same (.3) |
| 04/17/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Draft correspondence to Trustee regarding notice from Sony that its secured claim has been paid in full and related legal issues (.1); evaluate and analyze correspondence from Trustee and consider how to respond to Sony and provide notice to Universal (.2) |
| 04/18/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Draft correspondence to Julie Shapiro, counsel for Sony, regarding future payments from Universal and related legal issues regarding the payment in full of its claim (.3); draft correspondence to JoAn Cho regarding same (.4); telephone call to Trustee regarding same (.5); draft correspondence to Julie Shapiro regarding same (.2) |
| 05/08/19 | M. Bargar | 5.10 | 445.00 | 2269.50 | Legal research regarding choses in action and perfection of judgment lien in California (3.3); draft memo to B. Matthews regarding same (.1); draft memo to Frank White regarding same (.1); continue to legal research regarding same (.4); draft correspondence to Julie Shapiro regarding California writs of fi fa and implications of same on Trustee's demand for payments to be made to him (.4); draft correspondence to Trustee regarding same (.1); gather facts regarding domestication of California judgment (.4); draft correspondence to Trustee regarding same (.1); telephone call from Trustee regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 25**

| **DATE** | **TIMEKEEPER** | **HOURS** | **RATE** | **AMOUNT** | **DESCRIPTION** |
|---|---|---|---|---|---|
| 05/10/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Draft correspondence to Julie Shapiro, counsel for Sony, regarding payment of overpayment by Universal to Trustee and related legal issues (.1); meet with Trustee and discuss legal issues related to interim distribution following receipt of same (.3); gather facts and consider legal issues related to same, including necessity of objection to judgment/secured proof of claim to accomplish same (.3) |
| 05/16/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Draft correspondence to truste regarding legal issues related to interim distribution |
| 05/17/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Evaluate and analyze filed claims and consider legal issues related to interim distribution (.2); draft correspondence to Trustee regarding same and suggested course of action (.1) |
| 05/20/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Telephone call from Jim Jennings, estate accountant, regarding tax implications of newly received $175,000 of royalties and tax obligations and payment of same (.1); telephone call to Jim Jennings regarding same (.1) |
| 05/23/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Telephone call to Trustee regarding legal and tax issues arising from receipt of additional $175,000.00 and strategies related to interim distribution |
| 05/24/19 | M. Bargar | 1.50 | 445.00 | 667.50 | Gather facts and consider possible legal strategies to objection to claim of Ronnie Jackson, Jr. (Claim No. 6) (.6); telephone call to D Holiday, attorney of record for Mr. Jackson, regarding same (.2); draft correspondence to D. Holiday regarding same (.7) |
| 05/28/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Telephone call to Donell Holiday, attorney for Jackson Jr., regarding amendment to claim filed as secured (.2); telephone call from Donell Holiday regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 26**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 05/29/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Draft correspondence to Trustee regarding Donell Holiday's agreement to amend his client's proof of claim from secured to unsecured (.1); draft correspondence to Trustee regarding legal issues related to interim distribution (.1); evaluate and analyze amended claim filed by Donell Holiday on behalf of Jackson Jr. to confirm it complies with our discussions (.1); draft correspondence to Trustee regarding amended claim filed by Donell Holiday and moving forward with interim distribution (.1) |
| 05/30/19 | M. Bargar | 2.30 | 445.00 | 1023.50 | Gather facts and consider legal issues related to interim distribution and claims objections (.3); telephone call to Trustee regarding same (.1); draft correspondence to Donell Holiday regarding amended claim of Jackson Jr (.1); gather facts and consider legal issues related to objection to claim of Keenan Wilkins (.7); telephone call to Trustee regarding same (.3); continue to gather facts and consider legal issues related to objection to Wilkins claim (.8) |
| 06/03/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Jim Jennings, estate accountant, regarding payment of 2019 quarterly taxes and related legal issues |
| 06/19/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Gather facts and consider legal issues related to request to pay taxes on royalties received and on estimated royalties to come in this calendar year (.4); draft motion regarding same (.2); draft correspondence to Jim Jennings, estate accountant, regarding same and related legal issues (.3); telephone call to Trustee regarding same (.4); draft correspondence to Jim Jennings regarding same (.1) |
| 06/20/19 | M. Bargar | 0.90 | 445.00 | 400.50 | Telephone call to Trustee regarding legal issues related to payment of expected tax claims without having funds in hand (.4); continue to edit motion to pay administrative expenses following same (.4); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 27

**Client/Matter #22151-8**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 06/21/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Continue to draft motion to pay administrative expense claim for 2019 taxes arising from quarterly royalty payments (.3); draft notice of hearing regarding same (.2); draft memo to support staff regarding same (.1); edit COS regarding NOH (.1) |
| 06/21/19 | T. Daniel | 1.10 | 185.00 | 203.50 | Review and analyze memo from M. Bargar regarding Motion, Notice of Hearing and Certificate of Service of Pay Administrative Expense (.10); Prepare Motion and file with Court (.20); Prepare Notice of Hearing and add Doc No. and file with Court (.20); Pull Docket and upload mailing matrix and draft Certificate of Service (.40); Review approval response from M. Bargar and file with Court (.20) |
| 06/25/19 | M. Wells | 1.30 | 290.00 | 377.00 | Draft Objections to Claims Filed by Keenan Wilkins |
| 06/25/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Telephone call to with Trustee regarding objection to proof of claims of Keenan Wilkins and related legal issues (.1); draft memo to Meghan Wells regarding same (.2) |
| 06/26/19 | M. Wells | 1.00 | 290.00 | 290.00 | Revise First Omnibus Objection to Claims Filed by Keenan Wilkins |
| 06/27/19 | M. Wells | 0.70 | 290.00 | 203.00 | Revise Objections to Claims Filed by Keenan Wilkins |
| 06/27/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Draft memo to Meghan Wells regarding objection to Claim Nos. 4 and 7 and related legal issues (.3); edit objection to claim no 4 (.5); edit objection to claim no 7 (.4); draft correspondence to Trustee regarding same (.1); draft correspondence (x2) to Trustee regarding same (.1) |
| 06/28/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Continue to edit claims objections (objections to claim nos 4 and 7) in preparation for filing of same (.4); draft memos (x2) to support staff regarding same (.2); telephone call to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**

**Client/Matter #22151-8**

**Page 28**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 07/15/19 | W. Matthews | 0.70 | 445.00 | 311.50 | Memo from M. Bargar regarding background and review documents to prepare for hearing on motion to pay administrative tax claims |
| 07/16/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Edit order on motion to pay administrative expenses of estate (.1); draft correspondence to Trustee regarding same (.1); continue to edit same (.1); draft correspondence to Kolba in UST's office regarding same (.1) |
| 07/16/19 | W. Matthews | 0.60 | 445.00 | 267.00 | Attend calendar call at USBC regarding motion to pay administrative expense taxes |
| 07/16/19 | M. Wells | 0.40 | 290.00 | 116.00 | Draft order approving payment of administrative expenses (taxes for first 6 months of 2019) |
| 07/19/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Kolba, attorney for UST, regarding status of order approving payment of administrative expenses |
| 07/25/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Draft correspondence to Lindsay Kolba, UST attorney, regarding proposed order on application to pay administrative expenses (.1); draft memo to support staff regarding same (.1) |
| 07/26/19 | M. Bargar | 1.50 | 445.00 | 667.50 | Gather facts and consider legal issues related to order from State of California Franchise Tax Board delivered to Sony asking that Sony pay unpaid, post petition tax obligations of debtor rather than distributing royalties (.3); draft correspondence to Julie Shapiro, counsel for Sony, regarding same (.2); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.5); consider legal issues and strategies regarding cease and desist to California Board of Franchise Tax regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 29**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 07/29/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Draft correspondence to Judge Ellis-Monro's chambers regarding edit to proposed order on administrative expense claim (.1); draft memo to support staff regarding same (.1) |
| 07/30/19 | M. Bargar | 0.60 | 445.00 | 267.00 | Telephone call with Jim Jennings, estate accountant, regarding 2004 exams related to 1099s produced by IRS as relates to potential future recoveries (.3); telephone call from Jim Jennings regarding same (.2); telephone call from Trustee regarding same (.1) |
| 08/05/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Telephone call from Trustee regarding pending objection to claims and potential interim distribution following resolution of same |
| 08/06/19 | M. Bargar | 1.70 | 445.00 | 756.50 | Prepare for hearings on claim objections (.4); to court and attend hearing on claim objections (1.2); draft memo to Meghan Wells regarding same (.1) |
| 08/07/19 | M. Wells | 0.50 | 290.00 | 145.00 | Draft order sustaining objection to claim no. 4 (.3); draft order sustaining objection to claim no. 7 (.2) |
| 08/07/19 | T. Daniel | 0.30 | 185.00 | 55.50 | Review and analyze emails from M. Wells regarding Shaw Orders (2) on Trustee's Claim Objections (10); Prepare Orders for filing and upload to Court (.20) |
| 08/09/19 | M. Bargar | 0.50 | 445.00 | 222.50 | Draft correspondence to Trustee regarding results of objection to claims and issues related to interim distribution (.2); draft memo to support staff regarding same (.1); telephone call to Trustee regarding same (.2) |
| 08/14/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Telephone call with Trustee regarding interim distribution and related legal issues (.2); gather facts and consider legal issues related to same (.1); draft memo to Meghan Wells regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
**Invoice #778026**
**Neil C. Gordon**
**Page 30**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|------------|-------|------|--------|-------------|
| 08/15/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Draft memo to Meghan Wells regarding interim fee application and interim distributions |
| 08/15/19 | M. Wells | 0.80 | 290.00 | 232.00 | Draft AGG Interim Fee Application and Motion for Interim Distribution |

| | | |
|---|---|---|
| | **Total Hours** | **170.00** |
| | **Total For Services** | **$63,871.50** |

### EXPENSES

| | |
|---|---|
| For reimbursement of expenses incurred by Frank White for parking on 11/19. | 13.00 |
| For document/research expense paid to Georgia Superior Court Clerk's Cooperative. INVOICE#: 881517; DATE: 9/3/2009 | 3.00 |
| Parking Expenses for hearing 1/14/10 | 10.00 |
| Parking for hearing 10/29/09 | 10.00 |
| Parking for hearing 2/4/10 | 10.00 |
| Parking for Final hearing | 14.00 |
| To Westlaw for computerized research for the month of November | 54.51 |
| Postage | 15.87 |
| Duplicating expenses incurred @ $.10 per page | 24.40 |
| **Total Expenses** | **$154.78** |

Atlanta, GA | Washington, DC

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
Invoice #778026
Neil C. Gordon
Page 31

|  | **Fees** | **Disbursements** | **Total** |
|---|---|---|---|
| CURRENT CHARGES: | 63,871.50 | 154.78 | 64,026.28 |
| Total Balance Due: | 63,871.50 | 154.78 | 64,026.28 |

**Total This Statement**                **$64,026.28**

**Attorney and Paralegal Summary**

| **Name** | **Year** | **Rate** | **Hours** | **Total Amount** |
|---|---|---|---|---|
| Bargar, Michael J. | 2016 | 365.00 | 7.00 | 2,555.00 |
| Bargar, Michael J. | 2017 | 395.00 | 2.30 | 908.50 |
| Bargar, Michael J. | 2018 | 430.00 | 25.60 | 11,008.00 |
| Bargar, Michael J. | 2019 | 445.00 | 34.00 | 15,130.00 |
| Bicknell, Pamela E. | 2009 | 150.00 | 5.90 | 885.00 |
| Bicknell, Pamela E. | 2010 | 150.00 | 0.60 | 90.00 |
| Bicknell, Pamela E. | 2010 | 160.00 | 3.00 | 480.00 |
| Daniel, Tarsha F. | 2019 | 185.00 | 2.60 | 481.00 |
| Ford, Angela G. | 2010 | 155.00 | 0.20 | 31.00 |
| Gordon, Neil C. | 2009 | 490.00 | 16.00 | 7,840.00 |
| Gordon, Neil C. | 2010 | 495.00 | 6.80 | 3,366.00 |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

September 30, 2019
Invoice #778026
**Neil C. Gordon**
**Page 32**

| | | | | |
|---|---|---|---|---|
| Gordon, Neil C. | 2018 | 560.00 | 1.90 | 1,064.00 |
| Holbein, Michael F. | 2010 | 335.00 | 1.20 | 402.00 |
| Matthews, William D. | 2019 | 445.00 | 1.30 | 578.50 |
| Overholtzer, Nancy J. | 2009 | 155.00 | 6.00 | 930.00 |
| Overholtzer, Nancy J. | 2010 | 155.00 | 7.30 | 1,131.50 |
| Overholtzer, Nancy J. | 2010 | 165.00 | 0.40 | 66.00 |
| Wells, Meghan J. | 2019 | 290.00 | 4.70 | 1,363.00 |
| White, Frank N. | 2009 | 405.00 | 30.20 | 12,231.00 |
| White, Frank N. | 2018 | 535.00 | 0.30 | 160.50 |
| Wilson, Matthew V. | 2018 | 495.00 | 0.30 | 148.50 |
| Wilson, Zach D | 2010 | 210.00 | 11.90 | 2,499.00 |
| Wilson, Zach D | 2011 | 230.00 | 0.50 | 115.00 |
| | **Total** | | **170.00** | **$63,871.50** |



**Arnall
Golden
Gregory** LLP

| | |
|---|---|
| **Greg Hays, Trustee in Bankruptcy** | **September 30, 2019** |
| **Hays Financial Consulting, LLC** | **Invoice #778026** |
| **2964 Peachtree Road, NW** | **Neil C. Gordon** |
| **Suite 555** | |
| **Atlanta, GA 30305** | |

**Invoices Due as of September 30, 2019 in connection with:**

**Client   - #22151 - Hays, Greg Trustee in Bankruptcy**
**Matter - #8 - Shaw, Todd Anthony, aka "Too Short"**

| Invoice No. | Date | Amount  Billed | Amount Received | Amount Outstanding |
|---|---|---|---|---|
| 778026 | 09/30/19 | $64,026.28 | ($0.00) | $64,026.28 |

**TOTAL AMOUNT DUE FOR THIS MATTER**                 **$64,026.28**

**Amount of Payment Enclosed      $ _____ .**

---

**TO ENSURE THAT YOUR ACCOUNT IS PROPERLY CREDITED, PLEASE RETURN THIS PAGE
WITH YOUR PAYMENT.
Thank You!**

**REMITTANCE COPY**

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

**FEI# 58-0543673**

| **Remit Check Payments to:** | **For Billing Inquires:** |
|---|---|
| Arnall Golden Gregory LLP | Phone:  404.873.8500 |
| 171 17th Street NW · Suite 2100 | Fax: 404.873.8501 |
| Atlanta, GA · 30363 | E-mail: billing@agg.com |

**Atlanta, GA | Washington, DC**

## EXHIBIT "B"

## ARNALL GOLDEN GREGORY LLP
**171 17th Street, N.W., Suite 2100**
**Atlanta, Georgia  30363-1031**
**(404) 873-8500**

## PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida (B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).  Law Clerk to Hon. Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81; Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h) Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of Mortgage and Finance Fraud for Trustees," in Mortgage and Finance Fraud Litigation Strategies (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," NABTalk, Quarterly Publication of National Association of Bankruptcy Trustees (NABT 2003-present); Editorial Board, NABTalk (2003-present). Member: Atlanta Bar Association, Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair); National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President 2008-2011; President 2011-2012; Immediate Past President

11

13807399v1

2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, Georgia Bankruptcy American Inn of Court.

Seminar Presentations: "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016);  "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does Law v. Siegal Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah

13807399v1

(September 12, 2014);  "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014);  "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference,  Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges  2013 Annual Conference, Atlanta, Georgia (November 1, 2013);  "Case Law Update" NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar,  Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012);  "Ethics and Professionalism Potpourri," 36th Annual Judge Alexander L. Paskay

13

Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the Money? Claims Objections Issues," Law Education Institute's 29th Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1, 2010); "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtor Used to Be "High-End" Debtor)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail, Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and

14

Techniques," American Bankruptcy Institute's Skills Training Program,  Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008);    "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar,  Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims

15

Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**FRANK N. WHITE** – Admitted to Georgia Bar in 1989. Education: Duke University (A.B., cum laude, 1986); University of Georgia (J.D., magna cum laude, 1989). Member: State Bar of Georgia, Litigation, Entertainment & Sports Law Sections; Atlanta Bar Association, Bankruptcy Section. Practice Areas: Bankruptcy, Creditors' Rights and Workout, Copyrights, Patents and Trademarks, Entertainment and Sports, Marketing and Promotions. Publications: Author, Bankruptcy Code §§ 503(b)(9) and 546(c): A Bitter Pill for Healthcare Debtors Is Pain Relief for Their Vendors," AGG Healthcare Client Alert (April 28, 2010).

**MICHAEL F. HOLBEIN** – Admitted to Georgia Bar in 1999. Education: Stetson University (B.A., cum laude, 1995); University of Florida (J.D., with honors, 1999). Member: Atlanta Bar Association; State Bar of Georgia, Bankruptcy and Creditors' Rights Sections; National Association of Bankruptcy Trustees. Seminar Presentations: "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "Preference & Fraudulent Transfer Workshop," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); "Document Authentication," NABT

13807399v1

2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012); "Discovery Tools and Practices in Consumer Bankruptcy Cases," Atlanta Consumer Bankruptcy Skills Training Seminar, Atlanta, Georgia (January 28, 2009). Practice Areas: Bankruptcy, Creditors' Rights and Workout, and Business Litigation.

**ZACH D. WILSON** – Admitted to Georgia Bar in 2009. Education: University of Georgia (B.A., magna cum laude, 2005); Emory University (J.D., with high honors, 2009). Member: State Bar of Georgia. Publications: Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Workout, Employee Benefits and Executive Compensation, and Tax.

## OF COUNSEL

**WILLIAM D. MATTHEWS** – Admitted to Georgia Bar in 1986. Education: University of South Carolina (B.S., Mathematics, magna cum laude, 1983); Duke University School of Law (J.D., with honors, 1986). Member: State Bar of Georgia. Law Clerk for the Honorable W. H. Drake, Jr. (1986-1989). Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

**MATTHEW V. WILSON** – Admitted to Georgia Bar in 2004. Education: Emory University (B.A., magna cum laude, 1999); University of San Diego School of Law (J.D., magna cum laude, 2004). Member: State Bar of Georgia. Practice Areas: Corporate.  Leader: AGG's Sports and Entertainment Industry Team.

## ASSOCIATES

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustees for the Northern District of Georgia. Fellow, American Bar

17

Foundation.

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

13807399v1

## CERTIFICATE OF SERVICE

This is to certify that on November 13, 2019, the undersigned caused to be served a true and correct copy of the forgoing *First Interim Application Of Arnall Golden Gregory LLP For Allowance Of Compensation And Reimbursement Of Expenses As Counsel For Trustee* by depositing copies of same into the United States mail on the date set forth above, with adequate postage affixed thereto to assure delivery by regular first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA 95987

This 13th day of November, 2019.

By:/s/ Michael J. Bargar
    Michael J. Bargar
    Georgia Bar No. 645709

13807399v1