UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-61855-BEM |
| | : | |
| TODD ANTHONY SHAW, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |

**SECOND APPLICATION OF TRUSTEE FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

COMES NOW S. Gregory Hays, Chapter 7 Trustee for Todd Anthony Shaw ("**Applicant**" or "**Trustee**"), and respectfully represents:

1.

Applicant is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estate (collectively, the "**Bankruptcy Estate**") of Debtor.

2.

In the administration of said Bankruptcy Estate, Applicant has rendered those services required as Trustee since January 26, 2009, and makes this Second Application of Trustee for Interim Compensation and Reimbursement of Expenses ("**Second Application**") for the period of through and including October 31, 2020 ("**Application Period**").

3.

Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount

of the fees or other compensation to be paid to any party in interest, or any attorney or any party in interest herein for services rendered in connection therewith.

4.

The Trustee is currently holding $543,964.22 in the Bankruptcy Estate's bank account. The estate funds resulted from a November 24, 2009 stipulation between the Trustee and Zomba Recordings LLC ("**Zomba**") [Doc. No. 62] to split the continuing music royalties ("**Royalties**") owed to the Debtor with 20% being paid to the Bankruptcy Estate and 80% being paid to Zomba until Zomba's secured claim is satisfied. Due to the 2016 sampling of a Bankruptcy Estate composition resulting in a considerable increase in Royalties, the Zomba loan was satisfied in early 2019.

5.

To date, Trustee has recovered a total of $968,665.41 from the Bankruptcy Estate's share of the Royalties and has paid administrative expenses totaling $312,588.00 relating to costs associated with the maintenance and insurance on the Debtor's primary residence while listed for sale by the Trustee, bank and technology fees, professional fees and federal and state income taxes on royalty income.

6.

On November 13, 2019, the Trustee filed his Motion for Authority to Make Interim Distribution [Doc. No. 171] which was approved on December 19, 2019 [Doc. No. 176]. The Trustee paid a 100% distribution to allowed secured claimants, a 100% distribution to allowed priority claimants and a 3% distribution to timely filed, allowed, general unsecured claimants.

7.

Because of the additional time required to close the bankruptcy case, contemporaneously with the filing of this Application, Trustee has filed a second Motion for Authority to Make Interim Distribution, which proposes a 31% distribution to timely filed, allowed, general unsecured claimants. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the bankruptcy case.

8.

The remaining assets for administration are the semi-annual royalty payments and the Bankruptcy Estate's interest in the underlying compositions. Now that the Zomba loan is paid in the full, the Trustee intends to locate a purchaser for the interest in the compositions and future royalty payments.

9.

The recent increase in Royalties has created additional taxable income to the Bankruptcy Estate. The Trustee and other professionals are filing interim fee applications to offset some of the additional royalty income in year 2020, which will reduce the Bankruptcy Estate's tax liability.

10.

The statutory allowance pursuant to 11 U.S.C. §326 based on the entire pendency of this case is $47,883.27 comprised of $424,701.19 in distributions to date plus proposed distributions of $467,964.22 pending before this Court. The reasonable value of the services rendered by Applicant in these proceedings under Chapter 7 for the Application Period is $47,883.27 as calculated on Exhibit "A."

11.

By Order entered on December 19, 2019 [Doc. No. 176], Applicant was awarded interim compensation of $21,070.18 and expenses of $1,485.51 for a total allowance of $22,555.69 on his first application.  This is Applicant's second interim application.

12.

The statutory allowance pursuant to 11 U.S.C. §326 based on the entire pendency of this case is $47,883.27. The Trustee has been paid $21,070.18 to date leaving a balance of $26,813.09.

13.

This Application is filed pursuant to §330 and §331 of the U.S. Bankruptcy Code. Applicant shows that the interim compensation requested by Applicant satisfies the standards and guidelines set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (U.S.C.A. 5th 1974), and In Re First Colonial Corporation, 544 F.2d 1291 (U.S.C.A. 5th 1977), as amplified by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Trustee shows that pursuant to 11 U.S.C. §326, Trustee is entitled to $47,883.27, as Trustee commission based on distributions to date and proposed distribution of $892,665.41 of non-exempt funds.

14.

Applicant has incurred actual and necessary costs and expenses properly paid in his own funds, in the amount of $133.54, which are chargeable to the Bankruptcy Estate, none of which have been repaid, and for which the Trustee requests reimbursement.  A list of said expenses, which primarily relate to utility bills and insurance premiums paid while the Trustee was marketing the Debtor's real property, is attached hereto as Exhibit "B".

**WHEREFORE**, Trustee respectfully requests this Court to enter an order:

(a) Allowing Applicant additional interim compensation in the amount of $26,813.09 for services rendered by the Trustee;

(b) Allowing Applicant the sum of $133.54 for the reimbursement of actual and necessary out-of-pocket expenses incurred in this bankruptcy case during the Application Period;

(c) Authorizing the Trustee to pay Applicant the allowed compensation and expenses, totaling $26,946.63, from Trustee's fiduciary account for this Bankruptcy Case; and

(d) Granting Applicant such other and further relief as may be just and proper.

Respectfully submitted this 9th day of November 2020.

                                                */s/ S. Gregory Hays*
                                                S. Gregory Hays
                                                Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit "A"

## Trustee Compensation

| | | |
|---|---:|---:|
| Total Recoveries | $968,665.41 | |
| **Distributions to Date** | **$424,701.19** | |
| Cash in Bank (11/2/20) | $543,964.22 | |
| | | |
| Proposed Payments Pending Before Court | | |
|     Professional Fee Applications | $39,297.63 | 100% |
|     Unsecured Claims | $428,666.59 | 31% |
| Total Proposed Distributions | **$467,964.22** | |
| | | |
| Funds Remaining in Bankruptcy Estate after Proposed Distributions | $76,000.00 | |
| | | |
| **Distributions to Date Plus Proposed Interim Distributions** | **$892,665.41** | |

Pursuant to 11 U.S.C. 326, compensation is computed as follows:

| | | |
|---|---:|---:|
| 25% of First $5,000 | $5,000.00 | $1,250.00 |
| 10% of Next $45,000 | $45,000.00 | $4,500.00 |
| 5% of Next $950,000 | $842,665.41 | $42,133.27 |
| 3% of Balance | $0.00 | $0.00 |
| | | |
| **Total Compensation Requested:** | **$892,665.41** | **$47,883.27** |

## Hays Financial Consulting, LLC
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Todd Anthony Shaw**
**Case # 09-61855-BEM**

**For the Period from    10/1/2019   to  9/30/2020**

November 2, 2020

|  |  | Amount |
|---|---|---:|
| **Expenses** | | |
| 1/9/2020  2020 Bond fee | | 133.54 |
| Subtotal | | 133.54 |
| **Total costs** | | **$133.54** |

# CERTIFICATE OF SERVICE

This is to certify that I caused to be served the foregoing *Second Application of Trustee for Interim Compensation and Reimbursement of Expenses* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA  95987

This 9th day of November, 2020.

                                                                    */s/ S. Gregory Hays*
                                                                  S. Gregory Hays
                                                                  Chapter 7 Trustee