UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-BEM |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF MCE MANAGEMENT LLC AS BROKER FOR TRUSTEE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Todd Anthony Shaw ("**Debtor**"), and, pursuant to 11 U.S.C. § 327(a) respectfully shows the Court the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Facts and Relief Requested**

2. Debtor initiated this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on January 26, 2009 (the "**Petition Date**"). Thereafter, Trustee was appointed and remains the Chapter 7 Trustee in this case.

3. Trustee wishes to employ MCE Management, LLC ("**MCE**") as Trustee's broker related to certain music royalty and other property interests of the Estate, as more particularly described in Exhibit "B" hereto.

16313622v1

4. Trustee shows that MCE is well qualified to perform the work required in this case and is experienced in the matters for which brokerage services are required. Given the popularity of Debtor's musical compositions, it is imperative that Trustee employ a firm like MCE to assist Trustee in brokering a transaction related to those property interests, to ensure that Trustee obtains top dollar offers related to these interests.

5. The professional services which MCE is to render include the securing of agreements between Trustee and third party financing sources for the sale or transfer of the catalog of rights or interests, to the extent created prior to the Petition Date, previously owned by Debtor and that are now property of the Estate. A true and correct copy of the engagement letter between Trustee and MCE is attached hereto as Exhibit "B." This engagement letter is conditioned upon and subject to the Court's approval of this application.

6. To the best of Trustee's knowledge and belief, MCE has no equity interest in and no connections with Debtor, his creditors, or any other party in interest, or their respective attorneys or accountants. In addition, and also to the best of Trustee's knowledge and belief, MCE has no connection with the United States Trustee or anyone employed by the Office of the United States Trustee. The Rule 2014 verified statement of Doug Colton, an owner of MCE is attached hereto and made a part hereof by reference as Exhibit "A."

7. Trustee shows that the MCE has agreed to perform brokerage services, subject to further application and order of the Court, as to the sale of the Estate's interest in various music rights, for a commission of seven percent (7%) of the selling price.

8. No fees or expenses shall be paid or reimbursed, respectively, to MCE absent an order from the Court under Section 330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy.

**WHEREFORE,** Trustee prays that he be authorized to employ MCE to provide brokerage services to Trustee on the terms stated.

Respectfully submitted, this 16th day of March, 2021.

                                          ARNALL GOLDEN GREGORY LLP
                                        *Attorneys for Trustee*

                                        By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100                 Michael J. Bargar
Atlanta, GA 30363                                     Georgia Bar No. 645709
(404) 873-8500                                          michael.bargar@agg.com

16321907v1

## Exhibit "A"

### RULE 2014 VERIFICATION OF MCE MANAGEMENT, LLC WITH REGARD TO EMPLOYMENT AS BROKER TO THE TRUSTEE

I, Doug Colton, hereby declare under penalty of perjury:

1. I am a member of MCE Management, LLC ("**MCE**"), which maintains offices at 558 Rosedale Avenue, Nashville TN 37211. I make this unsworn declaration in support of the Application for Approval of Employment of MCE Management, LLC as Broker to the Trustee.

1. To the best of MCE's information and belief, MCE has no connection with and represents no interest adverse to Todd Anthony Shaw ("**Debtor**"), Debtor's creditors, other parties in interest, their respective attorneys or accountants, the Bankruptcy Judge in this case, the United States Trustee, or any person employed by the Office of the United States Trustee

2. MCE has made a reasonable effort to discover the possibility of conflicts as described above. If MCE discovers any information that is contrary to or supplemental to statements made herein, MCE will promptly disclose such information to the Court and the United States Trustee

3. MCE is not and was not a creditor, an equity security holder, or an insider of Debtor.

4. MCE does not have an interest materially adverse to the interest of Debtor's bankruptcy estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

5. Accordingly, I believe MCE is a "disinterested person" as that term is defined in section 101(14).

6. I understand an acknowledge that no fee shall be paid and no expense reimbursed to MCE by Trustee absent an order from the Bankruptcy Court following an appropriately detailed

16313622v1

application in accordance with Section 330 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

7. The foregoing constitutes the statement of MCE pursuant to Section 327 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

This __15th__ day of March, 2021.

_____
Doug Colton

16313622v1

**EXHIBIT "B" FOLLOWS**

16313622v1

## AGREEMENT

This agreement (the "Agreement"), dated as of March 15 2021 is between MCE Management, LLC ("MCE") and S. Gregory Hays, as and only as Chapter 7 Trustee (hereafter "Seller" and with MCE, the "Parties") for the bankruptcy estate of Todd Anthony Shaw. Todd Anthony Shaw p.k.a. Too Short and including any music publishing, sound recording or other rights-entities or designees associated with him, in whole or in part, and any affiliates of the aforementioned are collectively referred to herein as "Artist". This Agreement sets forth the material terms whereby MCE shall assist Seller in securing agreements between Seller and third party Financing Sources (as defined below) for the sale or transfer of the catalog of rights or interests, to the extent created prior to January 26, 2009, previously owned by Artist prior to Artist's bankruptcy, and for which Seller has the right to sell. Such rights or interests include without limitation, musical compositions, master recordings or other royalty income or monies including worldwide (i) copyrights and reversions in musical compositions and master recordings and all other rights and monies deriving therefrom, (ii) writer's share and publisher's share of public performance, mechanical, synchronization, print, distribution, streaming, display and all other royalties or monies from musical compositions authored or co-authored by Artist or acquired from another songwriter or master recordings (including all performances embodies therein) previously owned or controlled by Artist, from any and all sources now existing or which may occur in the future and (iii) any other rights, royalties, contractual rights or interests previously owned or controlled by Artist and any ancillary or related rights (individually and collectively, "Artist's Assets").

1. **Services.** MCE will use reasonable efforts to solicit certain of Artist's Assets to a limited number of potential purchasers, or any person or entity that may acquire or control a portion of Artist's Assets (each a "Financing Source") in order for Seller to pursue a possible sale or transfer of Artist's Assets, partnership, co-ownership, joint venture or merger, publishing or administration agreement or other capital or asset-related transaction (whether effected in one or more transactions or a series of transactions). Any such transaction that is consummated with a Financing Source is defined as a "Transaction". MCE acknowledges that any such Transaction is subject to the approval of the Bankruptcy Court (defined below) in accordance with Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure. MCE further acknowledges that any Transaction contemplated by this Agreement shall be on an as-is, where-is basis without any representation or warranty from Seller, express, or implied as to the extent, validity, or nature of the Artist's Assets.

2. **Exclusivity Period.** MCE shall have the exclusive right to solicit and field offers with respect to Artist's Assets for a period beginning on the date set forth above and continuing until October 1, 2021 (the "Exclusivity Period"). The Exclusivity Period may be extended by an agreement in writing between Seller and MCE.

3. **Commission.** Seller agrees to pay MCE for its services in connection with the sale or transfer of any portion of Artist's Assets at the closing of such Transaction(s), in immediately available funds, a fee of seven percent (7%) of the gross monies or other consideration paid and/or credited for Artist's Assets by the Financing Source(s), and including any advances, bonus or fees ("the Commission"). Seller hereby agrees to pay MCE the entire Commission out of such gross monies following appropriate authority from the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court") in the bankruptcy case of Todd Shaw (Case No. 09-61855-BEM) (the "Bankruptcy Case"). Notwithstanding anything in this Agreement to the contrary, Seller shall only have a duty to pay the Commission to MCE if, and only if, the Bankruptcy Court enters an order in the Bankruptcy Case authorizing Seller to pay the Commission.

16286552v1

4. **Representations/Warranties**. MCE represents and warrants to Seller that: (a) it has full power to enter into this Agreement and perform as specified herein; (b) this Agreement is a valid and binding Agreement, enforceable against each Party in accordance with its terms; (c) MCE is under no restriction, contractual or otherwise, which would prevent it from entering into this Agreement or performing under its terms; and (d) the execution, delivery, and performance of this Agreement will not violate any rules, regulations, or provisions of law applicable to either Party. Seller represents and warrants to MCE that: (a) he is the Chapter 7 Trustee in the Bankruptcy Case; (b) he will have authority to enter into this Agreement following entry of an order by the Bankruptcy Court in the Bankruptcy Case authorizing him to do so; (c) if the Bankruptcy Court authorizes Seller to employ MCE, Seller is under no restriction, contractual or otherwise, which would prevent him from entering into this Agreement or performing under its terms; and (d) if the Bankruptcy Court authorizes Seller to employ MCE, the performance of this Agreement will not violate any rules, regulations, or provisions of law applicable to either Party.

5. **Miscellaneous**. Notwithstanding anything in this Agreement to the contrary, this Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles. The Bankruptcy Court shall retain exclusive jurisdiction over the Parties for the enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction, or other issue related to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain exclusive jurisdiction over the subject matter and the Parties for that purpose. The Parties agree that there is no intention to create by this Agreement an employer-employee relationship, nothing herein shall be construed to create a partnership between the Parties, nor shall the Parties have any fiduciary duty to each other. This Agreement shall be binding on and inure to the benefits of the respective Parties hereto and their executors, administrators, heirs, personal representatives, successors, and assigns. This Agreement is the sole agreement between the Parties and shall supersede any and all such other prior agreements between the Parties, and cannot be amended unless such amendment is signed by both Parties. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original. Facsimile copies, PDFs and photocopies of signatures shall be as valid as originals. Notwithstanding anything in this Agreement to the contrary, neither Party may assign or transfer this Agreement without the express written permission of each Party.

6. **Nature of Services**. Seller shall be solely responsible for any legal fees in connection with any legal services related to Artist's Assets. Seller acknowledges that Doug Colton ("Colton") has a financial interest in MCE and that, although he is an attorney, the services MCE (or Colton in his capacity with MCE) shall provide pursuant to this Agreement are non-legal in nature, and unless a separate written engagement Agreement is entered into by Seller and Colton Law Firm, LLC ("CLF"), neither Colton nor CLF shall act as legal counsel or provide legal services of any kind to Seller. Seller acknowledges that Seller is under no obligation to engage Colton or CLF as an attorney or to provide legal services of any kind to Seller. With respect to the services MCE provides, Seller acknowledges and agrees that MCE is relying on the information Seller or other third parties provide to MCE, and MCE assumes no liability with respect to Artist's Assets, rights, actions, omissions or obligations.

[INTENTIONALLY LEFT BLANK]

16286552v1

ACCEPTED AND AGREED TO BY:

MCE Management, LLC

_____
Seller

By:_____ TRUSTEE

S. Gregory Hays, as and only as Chapter 7 Trustee for the bankruptcy estate of Todd Anthony Shaw (Case No. 09-61855-BEM)

16286552v1

3

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Application for Approval of Employment of MCE Management, LLC as Broker for Trustee* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Richard M. Jones, Jr.
Law Office of Richard Jones, P.C.
P. O. Box 371031
Decatur, GA 30037

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA 95987

Doug Colton
MCE Management, LLC
558 Rosedale Avenue
Nashville, TN 37211

This 16th day of March, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16321907v1