UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-61855-BEM |
| | : | |
| TODD ANTHONY SHAW, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF SERVICE OF SUBPOENA**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee and plaintiff herein, and gives notice in accordance with Fed. R. Civ. P. 45(b)(4), as made applicable by Fed. R. Bankr. P. 9016, of the subpoena served on Broadcast Music, Inc. A true and correct copy of the subject subpoena is attached hereto and incorporated herein by reference as Exhibit "A" and proof of service of which is attached hereto and incorporated herein by reference as Exhibit "B."

Dated: May 12, 2021

                                            Respectfully submitted,

                                            By: */s/ Michael J. Bargar*
                                            Michael J. Bargar
                                            Georgia Bar No. 645709
                                            ARNALL GOLDEN GREGORY LLP
                                            171 17th Street, NW, Suite 2100
                                            Atlanta, GA 30363-1031
                                            michael.bargar@agg.com
                                            Phone: 404-873-7030
                                            *Attorneys for Chapter 7 Trustee*

16554426v1

## EXHIBIT "A" FOLLOWS

16554426v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-BEM |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SUBPOENA TO BROADCAST MUSIC INC.
FOR THE PRODUCTION OF DOCUMENTS**

TO:   Broadcast Music, Inc.
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, identified on Exhibit "A" attached hereto, at the place, date, and time specified below:

**Place**

ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031

**Date and time**

June 7, 2021
10:00 a.m.

**ARNALL GOLDEN GREGORY LLP**
*Attorneys for Trustee*

By: /s/
Michael J. Bargar
Georgia Bar No. 645709
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
michael.bargar@agg.com; 404-873-7030

16908592v1

## Rule 45, Federal Rules of Civil Procedure, Subsections (c), (d) and (e):

**(c) Place of Compliance.**
(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party of a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.
(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

16508522v1

# EXHIBIT "A"

## Definitions

A. As used herein, the term **"document"** is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, electronically stored, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge, and shall include without limitation, the following: letters, correspondence, affidavits, declarations, statements, books, articles, reprints, resolutions, minutes, communications, messages, e-mails, electronic communications, electronically stored information, notes, loan documents, collateral documents, stenographic or handwritten notes, memoranda, diaries, contracts, subcontracts, bids, worksheets, drafts, agreements, records, resumes, invoices, receipts, bills, cancelled checks, financial statements, audit reports, tax returns, calendars, schedules, summaries, studies, calculations, estimates, diagrams, sketches, drawings, plans, photographs, tapes, videotapes, movies, recordings, transcriptions, work orders, computer print-outs, computer disks, data processing cards, data storage cards, and the like; and where originals of such documents are not available or are not in your possession, custody or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

B. As used herein, the term **"Debtor"** shall refer to Todd Anthony Shaw a/k/a Too Short, his authorized agents, attorneys, representatives, and any other person that is or has ever acted for or on behalf of them.

C. As used herein, the term **"Petition Date"** shall refer to January 26, 2009.

16508522v1

D. As used herein, the term **"BMI"** shall refer to Broadcast Music, Inc. its predecessors in interest, and its subsidiaries.

E. As used herein, the term **"Music Publishing Royalties"** shall refer to any music publishing royalties that arose from, as a result of, or out of the Works.

F. As used herein, the term **"Works"** shall refer to any musical composition created by Debtor prior to the Petition Date.

## Document and Information Request

1) Copies of any document which reflects any payments that have been made by BMI with regard to the Works or Music Publishing Royalties since the Petition Date.

2) An accounting of all payments that have been made by BMI with regard to the Works or Music Publishing Royalties since the Petition Date.

3) Any and all documents related to Debtor and/or any other entity or publishing designee owned or controlled by Debtor. Such documents shall include without limitation, BMI publisher or writer applications, publisher or writer affiliation agreements, all supporting documentation, including ownership and shareholder information, charters, bylaws, operating agreements, a list of all musical compositions registered at BMI (including work numbers) in connection with any of the foregoing persons, entities or designees (the **"Compositions"**)

4) Any royalty statements, and the identity of any payee or recipient of royalties and any administration agreements related to the Compositions.

16508522v1

**IT IS ORDERED as set forth below:**

Date: April 30, 2021

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-BEM |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR FEDERAL
BANKRUPTCY RULE 2004 DOCUMENT PRODUCTION
BY BROADCAST MUSIC INC.**

This matter is before the Court on the Motion [Doc. No. 215] (the "**Motion**") for Federal Bankruptcy Rule 2004 Document Production by Broadcast Music Inc. ("**BMI**") filed by S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Todd Anthony Shaw ("**Debtor**"). In the Motion, Trustee seeks to compel a document production by BMI pursuant to Fed. R. Bankr. P. 2004. The Court having reviewed the Motion and for good cause shown, it is hereby

16500967v1

**ORDERED** that the Motion is **GRANTED**: pursuant to Fed. R. Bankr. P. 2004, Trustee is authorized to compel the production of designated documentary evidence by BMI in the manner provided in Fed. R. Bankr. P. 9016, which incorporates the procedure for the issuance of a subpoena as set forth in Federal Rule of Civil Procedure 45.

[END OF DOCUMENT]

PREPARED AND PRESENTED BY:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:/s/ *Michael J. Bargar*
    Michael J. Bargar
    GA Bar No. 645709
    michael.bargar@agg.com
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Phone (404) 873-8500/ Fax (404) 873-8501

**DISTRIBUTION LIST**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Michael O'Neill
Broadcast Music, Inc.
7 World Trade Center
250 Greenwich ST
New York, NY 10007

Broadcast Music, Inc.
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

16500967v1

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Richard M. Jones, Jr.
Law Office of Richard Jones, P.C.
P. O. Box 371031
Decatur, GA 30037

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363

16500967v1

**EXHIBIT "B" FOLLOWS**

16554426v1

U.S. Bankruptcy Court - Northern District of Georgia

**In Re: Todd Anthony Shaw**  Case No.: **09-61855-BEM**

Plaintiff/Petitioner

vs.

**None**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**SUBPOENA TO BROADCAST MUSIC INC. FOR THE PRODUCTION OF DOCUMENTS**

Received by **Dana Faulkner**, on the 30th day of April, 2021 at 7:45 PM to be served upon Broadcast Music, Inc. c/o Corporation Service Company, Registered Agent at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.
On the 3rd day of May, 2021 at 10:21 AM, I, Dana Faulkner, SERVED Broadcast Music, Inc. c/o Corporation Service Company, Registered Agent at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Corporation Service Company, Registered Agent**, on behalf of said Corporation.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: **Who accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away), with identity confirmed by subject stating their name, a black-haired black female approx. 25-35 years of age, 5'6" -5'8" tall and weighing 140-160 lbs. Alisha M Smith, Coordinator, Authorized to Accept.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Dana Faulkner_  n/a  260  Date: **MAY 0 3 2021**
Dana Faulkner        Server ID #

Notary Public: Subscribed and sworn before me on this ____ day of _____ in the year of 20__
Personally known to me __X__ or _____ identified by the following document:

Number/Reference:_____
Type:_____
Notary Public for State of:_____
Commission Expiration:_____

Notary Public (Legal Signature)

[Notary seal: MARSHA LAUSMAN, Commission Expires January 16, 2022, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA]



REF: **REF-7963673**

Page 1 of 1
Tracking #: **0069378073**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing by first class United States Mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P. O. B 1525
Williams, CA 95987

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

This 12th day of May, 2021.

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16554426v1