UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :        CASE NO. 09-61855-BEM
                                          :
TODD ANTHONY SHAW,                        :        CHAPTER 7
                                          :
        Debtor.                           :
_____           :

## SECOND INTERIM APPLICATION OF ARNALL GOLDEN GREGORY LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR TRUSTEE

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S. Gregory Hays, Chapter 7 trustee in this Chapter 7 case, and, pursuant to 11 U.S.C. §§ 330 and 331 and Bankruptcy Rule 2016, applies for allowance of compensation in the amount of $30,295.00[1] and for reimbursement of expenses in the amount of $414.54 for the period from September 27, 2019 through and including September 28, 2021.  In support thereof, the Applicant shows as follows:

### Background

1.      On January 26, 2009, (the "**Petition Date**"), Todd Anthony Shaw ("**Debtor**")

---

[1]     In the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour, his 2020 billing rate from $535.00 to $482.50, and his 2021 rate from $565.00 to $492.50, and it has voluntarily reduced the 2019, 2020, and 2021 billing rate of Meghan J. Wells to $270.00 per hour.

In addition, under Eleventh Circuit precedent, AGG is entitled to its current hourly rates in this matter, given that the case has been pending for many years.  *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation *and generally award compensation at current rates rather than at historic rates*.") (emphasis added).  AGG is not seeking its increased hourly rates in this matter, creating significant value for the Bankruptcy Estate in addition to the already reduced fees that it is requesting.

filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), initiating Bankruptcy Case No. 09-61855-BEM (the "**Bankruptcy Case**").

2.      S. Gregory Hays ("**Trustee**") is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estate (the "**Bankruptcy Estate**") of Debtor.

3.      On May 26, 2009, Trustee filed an application to employ AGG as attorney [Doc. No. 30], and, on May 28, 2009, the Court entered its Order [Doc. No. 31] approving the employment of AGG as counsel for Trustee.[2]

4.      This is the second interim application that AGG has filed in this case. AGG was previously awarded $63,871.50 in fees and reimbursement of expenses in the amount of $154.78 by an Order [Doc. No. 176] of the Court entered on December 19, 2019 (approximately two years ago).

5.      If the current interim application is awarded by the Court, AGG's total fees in this case will be $94,166.50 (over a 12 to 13-year period), or approximately 6.8% of the total of $1,382,568.05 that AGG has assisted Trustee to recover in this matter.

6.      The blended hourly rate of AGG for this interim application is approximately $440.00 per hour (68.8 hours and fees of $30,295.00).

**Narrative Summary of Services Performed**

7.      Debtor filed this Bankruptcy Case as a no-asset case. [Doc. No. 1 at Page 1].

---

[2]      At the outset of the case, it was Trustee's business judgment that he needed to employ counsel in this matter. The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court [or any other interested party] would necessarily make the same business decision, on the one hand, or seek to maximize value in a different way, on the other." *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).

17304744v1

8.      Nevertheless, through the efforts of Trustee and his professionals, Trustee is currently holding $437,848.44 in the Bankruptcy Estate's bank account.  The estate funds resulted from, among other things, a November 24, 2009 stipulation between the Trustee and Zomba Recordings LLC ("**Zomba**") [Doc. No. 62] to split the continuing music royalties ("**Royalties**") owed to the Debtor with 20% being paid to the Bankruptcy Estate and 80% being paid to Zomba until Zomba's secured claim is satisfied.  Due to the 2016 sampling of a Bankruptcy Estate composition that resulted in a considerable increase in Royalties, the Zomba loan was satisfied in early 2019. Trustee has employed a broker and intends to locate a purchaser for the bankruptcy estate's rights in the pre-petition compositions and future royalty payments.

9.      To date, Trustee has recovered a total of approximately $1,382,500.00 from the Bankruptcy Estate's share of the Royalties and has paid administrative expenses totaling $403,939.83 relating to costs associated with the maintenance and insurance on the Debtor's primary residence while listed for sale by the Trustee, bank and technology fees, and federal and state income taxes on royalty income.

10.      As set forth in greater detail in the attached Exhibit "A," AGG has provided legal services to Trustee related to the following, among others: (a) negotiating a carve-out with the Internal Revenue Service related to its secured interest in Debtor's former primary residence and other legal issues related to protecting the interest of the estate in the same real property; (b) negotiating a resolution regarding the secured interest of Zomba in the Royalties; (c) assisting Trustee with a forthcoming, prospective sale of the estate's interest in the Royalties; and (d) resolving claims issues, including alleged secured claims purportedly secured through the Royalties, which are choses in action.

11.      Because of the additional time required to close the bankruptcy case,

3

contemporaneously with the filing of this Application, Trustee has filed a *Third Motion for Authority to Make Interim Distribution*, which proposes to pay an additional 18.7% of timely filed, allowed, general unsecured claims. To date, Trustee has paid 100% of the allowed, secured claims; 100% of the allowed, priority claims; and 34.07% of the timely filed, allowed, general unsecured claims. If the pending interim distribution is approved by the Court, Trustee will have paid 52.8% to timely filed, allowed, general unsecured claims. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the bankruptcy case. In this regard, Trustee estimates that his efforts to sell the Royalties will result in significant value for the Bankruptcy Estate and likely allow Trustee to pay a substantial portion of the outstanding non-priority, general unsecured claims.

12.    AGG has provided significant and meaningful legal services in identifying and protecting the property interests of the Bankruptcy Estate.[3]

---

[3]    Importantly, to render legal services in this Court, requires a bar license. *In re Loveless Babies, Jr.*, 315 B.R. 785 (Bankr. N.D. Ga. 2004) (Bonapfel, J.) (stating "persons practicing bankruptcy law in Georgia are subject to its rules of professional responsibility, . . . and persons providing legal services with regard to bankruptcy matters without a license are engaged in the unauthorized practice of law. . . . Georgia's exercise of authority in this regard is consistent with the general principle that the states may regulate and license the practice of law *even if the legal services involve matters of federal law*.") (emphasis added) (internal citations omitted); *see also* BLR 9010-1 and 9010-2 (providing that only lawyers may be admitted to practice in this Court, whether being admitted as a member of the bar of the District Court or *pro hac vice*); DLR 83.1 (requiring that a person be a member of the Georgia bar to be admitted to the District Court bar). Moreover, because Trustee, in his personal capacity is not a lawyer, all legal work must be performed by a lawyer. *See In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "*trustees are not attorneys* (not even when it is an attorney functioning as the trustee).") (emphasis added); *see also J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (finding that a trust is an artificial entity that can only act "through agents, cannot appear *pro se*, and must be represented by counsel."); *Hays v. Hamblen Family Revocable Trust (In re Hamblen)*, 360 B.R. 362, 368 (Bankr. N.D. Ga. 2006) (Bihary, J.) (holding that in a federal court, like the bankruptcy court, trusts are an artificial entity that cannot appear *pro se*), *accord Shuman v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 19276, 2013 WL 12098818, at * 6, (N.D. Ga. January 29, 2013).

4

## Particulars of Application and Johnson Factors

13.     This application for allowance of compensation and reimbursement of expenses is the second application that AGG has filed in this Bankruptcy Case.

14.     Pursuant to the provisions of 11 U.S.C. § 331, AGG files this application in which it seeks interim compensation for services rendered as counsel for Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from September 27, 2019 through and including September 28, 2021.

15.     For the period covered by this application, AGG's attorneys and legal assistants have devoted a total of not fewer than 68.8 hours in rendering services in this Bankruptcy Case. A summary of hours spent by each attorney or legal assistant is attached as Exhibit "A."

16.     With respect to the services, which have been provided by AGG in this Bankruptcy Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate.  AGG shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $30,295.00,[4] based primarily on the normal hourly rates (as

---

[4]     As discussed above, in the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour, his 2020 billing rate from $535.00 to $482.50, and his 2021 rate from $565.00 to $492.50, and it has voluntarily reduced the 2019, 2020, and 2021 billing rate of Meghan J. Wells to $270.00 per hour.

In addition, under Eleventh Circuit precedent, AGG is entitled to its current hourly rates in this matter, given that the case has been pending for many years.  *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation *and generally award compensation at current rates rather than at historic rates*.") (emphasis added).   AGG is not seeking its increased hourly rates in this matter, creating significant value for the Bankruptcy Estate in addition to the already reduced fees that it is

reduced) of the attorneys and legal assistants providing such services, as set forth on Exhibit "A."

17.    AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 cases.

18.    AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases.  The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

19.    AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience and reputation in cases of similar complexity and size in the geographic area in which it practices.

20.    AGG shows that all services for which compensation is requested have actually been provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Bankruptcy Case and for the benefit of the Bankruptcy Estate and its creditors.

21.    AGG submits that it is entitled to allowance of compensation in the amount of not less than $30,295.00 based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A."   AGG shows that

requesting.

17304744v1

consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below.  The following summarizes the application of the *Johnson* factors to this Bankruptcy Case:

(a)  *Time and labor required*:  AGG has expended a total of 68.8 attorney and legal assistant hours from September 27, 2019 through September 28, 2021.  The legal issues presented by this Bankruptcy Case have required a substantial amount of time and attention.

(b)  *Novelty and difficulty of the legal questions*: This Bankruptcy Case has involved numerous issues which are discussed, in part, in Exhibit "A," the narrative description of services provided.  These legal issues presented somewhat novel issues that required a substantial amount of time and effort to resolve.  Included in these legal issues was an argument related to whether a certain judgment lien had attached to the recovered choses in action, and, if so, the implications of the same along with issues related to whether certain music compositions are property of the Bankruptcy Estate and subject to Trustee's administration.

(c)  *Skill required to perform the legal services properly*:  Trustee chose AGG because AGG has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Bankruptcy Case.  AGG submits that this Bankruptcy Case has required extensive skill and experience.

(d)  *Preclusion of other employment due to acceptance of this case*: Time and attention were necessarily and properly devoted to this Bankruptcy Case.  The extent and nature

7

of the time and attention limited the capacity of the attorneys involved in this Bankruptcy Case to handle other matters.

(e)    *Customary fee for similar work in the community*:    AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f)    *Whether fee is fixed or contingent*:    This is not a contingency case except that there would be no estate without the actions undertaken by AGG, so payment has been dependent on AGG successfully making a recovery and AGG was at *significant risk* of non-payment until Trustee was able to overcome the secured claims discussed above. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors.    Time was charged at hourly rates for attorney time. Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, and any time constraints imposed by the client or the circumstances.    AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the attached expense description included in Exhibit "A."    The compensation AGG is seeking to be paid in this Bankruptcy Case, subject to Court approval under 11 U.S.C. §§ 330 and 331, is based on hourly rates. However, it should be noted that the amount sought herein and the amount previously paid to AGG following its first interim fee application [Doc. Nos. 170 and 176] is less than 6.85% of the recoveries generated to date for the Bankruptcy Estate—an excellent result considering the legal complexities that have arisen while shepherding this Bankruptcy Case to its current posture, including the fact that this case was originally filed as a no-asset case.

17304744v1

(g) *Time limitations imposed by the client or circumstances*:  AGG submits that its attorneys have been required to work under a number of time limitations imposed by the circumstances.  Specifically, time constraints were imposed due to various deadlines that have required immediate attention of AGG attorneys.  AGG has been required to meet time limitations imposed by the Bankruptcy Code, the Court, or parties-in-interest for filing of various motions or applications in order to complete matters timely.

(h) *Amount involved and results obtained*:  AGG has been successful as bankruptcy counsel in shepherding this Bankruptcy Case through the bankruptcy process thus far and bringing into the estate over $1,382,568.05, notwithstanding the fact that Debtor originally filed this Bankruptcy Case as a no-asset case.

(i) *Experience, reputation, and ability of attorneys*:  AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Bankruptcy Case and AGG has developed a reputation for such ability and experience.

(j) *Undesirability of the case*: At the outset of this Bankruptcy Case, there were no funds in the Bankruptcy Estate from which to compensate AGG, so it was at serious risk of non-payment absent the recoveries it has assisted Trustee to make.  In this regard, like almost every Chapter 7 trustee representation, the matter was undesirable.

(k) *Nature and length of the professional relationship with the client*: This is not a factor in this Bankruptcy Case.

(l) *Awards in similar cases*:  AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

(m) *Other factors*:  No other factors exist in this Bankruptcy Case.

22.    Any compensation awarded by the Court will not be shared except among AGG's

17304744v1

partners and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Bankruptcy Case.

23.     AGG shows further that it has incurred $414.54 in out-of-pocket expenses.  The expenses incurred in this Bankruptcy Case were actual, necessary expenses which are reasonable given the size of this Bankruptcy Case and the unavoidable costs of administration and coordination of service of notices and other documents.  Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

24.     Trustee has reviewed this application and has approved the requested amount.

25.     AGG requests that this application and attached exhibits be admitted into evidence at any hearing on this application.

26.     Based on the foregoing, AGG seeks allowance of $30,295.00 as interim compensation and $414.54 in reimbursement of expenses, in this case for a total of $30,709.54 for the period covered by this application.

WHEREFORE, AGG respectfully prays:

(a)  That AGG be allowed interim compensation in the amount of $30,295.00 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period covered by this application;

(b)  That AGG be allowed the sum of $414.54 for the reimbursement of out-of-pocket expenses incurred in this Bankruptcy Case for the period covered by this application;

(c)  That the Court grant the compensation and reimbursement of expenses sought herein and authorize Trustee to pay the same as interim fees and reimbursement of expenses; and

17304744v1

(d)   That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 9th day of November, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-7030
(404) 873-7031 (facsimile)

11

17304744v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-61855-BEM |
| | : | |
| TODD ANTHONY SHAW, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |

**UNSWORN DECLARATION OF MICHAEL J. BARGAR**

1.      My name is Michael J. Bargar.  I am a partner at Arnall Golden Gregory LLP ("**AGG**").

2.      I am making this unsworn declaration as part of the submission of AGG's second interim fee application in this bankruptcy case (the "**Fee Application**").

3.      I have reviewed each time entry in the Fee Application.  Each time entry is mathematically accurate, and the total amount requested is accurate and correct.

I, Michael J. Bargar, certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 9th day of November, 2021.


*/s/ Michael J. Bargar*
Michael J. Bargar

17304744v1

**EXHIBIT "A" FOLLOWS**

17304744v1



**Greg Hays, Trustee in Bankruptcy**                                    **October 29, 2021**
**Hays Financial Consulting, LLC**                                      **Invoice #845665**
**2964 Peachtree Road, NW**                                            **Neil C. Gordon**
**Suite 555**
**Atlanta, GA 30305**

---

**For Legal Services Rendered In Connection With:**

**Client/Matter #22151-8**

**Shaw, Todd Anthony, aka "Too Short"**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 09/27/19 | M. Bargar | 1.80 | 445.00 | 801.00 | Telephone call from creditor with judgment lien regarding interim distribution and intent to amend proof of claim to include post-judgment interest (.2); legal research regarding allowance of post-judgment interest (.6); edit motion to make interim distribution (.4); draft memos (x3) to Trustee regarding same (.2); telephone call to Jim Jennings, estate accountant, regarding Rule 2004s related to 1099s received by Debtor post-petition and potential recoveries related to same (.4) |
| 09/30/19 | M. Bargar | 1.30 | 445.00 | 578.50 | Edit AGG interim fee application (.7); telephone call to Trustee regarding interim distribution and related legal issues including alleged amendment to claim being filed (.2); continue to edit AGG fee application (.2); draft correspondence to Trustee regarding recently received payment and impact of same on percent interim distribution to unsecured creditors (.1); telephone call to Donell Holiday, counsel for Ronnie Jackson, Jr., regarding amendment to proof of claim and related legal issues (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 10/02/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Telephone call from Donnell Holiday, counsel for Ronnie Jackson, regarding amendment to proof of claim of Ronnie Jackson and legal issues related to same (.1); telephone call to Trustee regarding same (.2); consider legal issues regarding objection to amended proof of claim of Ronnie Jackson, amended to include post judgment and pre-petition interest (.3); draft correspondence to Trustee regarding same (.1) |
| 10/03/19 | M. Bargar | 2.20 | 445.00 | 979.00 | Continue to edit AGG interim fee application (1.2); draft correspondence to Trustee regarding same (.2); edit motion to pay interim distributions (.6); draft correspondence to Trustee regarding same (.2) |
| 10/04/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Draft notice of hearing for fee applications (.3); draft notice of hearing for interim distributions (.3); telephone call to Trustee regarding interim distribution and related legal issues (.4); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.2) |
| 10/07/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Draft correspondence to Trustee regarding additional funds from SONY and implications of same on pending motion to make interim distribution (.1); telephone call to Julie Shapiro, counsel for SONY, regarding same (.1); telephone call to Trustee regarding same (.1) |
| 10/08/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Draft correspondence to Julie Shapiro, counsel for Sony, regarding payment from Sony received by Trustee and related legal issues (.2); telephone call to Trustee regarding same (.1); telephone call from Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 10/14/19 | M. Bargar | 0.60 | 445.00 | 267.00 | Telephone call to Trustee regarding legal issues related to interim distribution and questions for Sony regarding same (.3); draft correspondence to Julie Shapiro, counsel for Sony, regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 10/15/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Trustee regarding interim distribution and legal issues related to same |
| 10/28/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Telephone call from Julie Shapiro, counsel for Sony Music, regarding payments made by Sony to Trustee and issues related to property of the estate |
| 10/29/19 | M. Bargar | 0.80 | 445.00 | 356.00 | Telephone call to Trustee regarding legal issues related to interim distribution and interest and rights in payments from Sony |
| 11/04/19 | M. Bargar | 1.10 | 445.00 | 489.50 | Telephone call to Trustee regarding legal issues related to interim distribution and sale of cash flow (.7); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.2) |
| 11/08/19 | M. Bargar | 1.40 | 445.00 | 623.00 | Draft correspondence to Julie Shapiro, counsel for Sony, regarding recording side payments and related issues related to source of same (.4); draft correspondence to Julie Shapiro regarding same (.2); draft correspondence to Trustee and legal issues related to same (.5); telephone call from Trustee regarding same (.3) |
| 11/12/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Evaluate and analyze correspondence from Trustee regarding revised interim distribution and consider legal issues and strategies moving forward with same (.2); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 4

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/13/19 | M. Bargar | 3.10 | 445.00 | 1379.50 | Telephone call to Trustee regarding interim distribution and issues related to recording side payments (.3); edit AGG fee application (.5); edit motion to make interim distributions regarding new distribution percentages (.3); telephone call to Trustee regarding same (.3); edit notice of hearing for motion to make interim distribution (.3); edit notice of hearing for fee applications (.3); continue to draft motion to make interim distributions in preparation for filing of same (.3); continue to draft AGG fee application in preparation for filing of same (.3); edit notices in preparation for filing of same (.3); draft correspondence to Trustee regarding same (.1); draft memo to support staff regarding service of notices of hearings (.1) |
| 11/14/19 | T. Daniel | 0.80 | 0.00 | 0.00 | (No Charge) Discussion with M. Bargar regarding Certificate of Service of Applications and Interim Distributions (.10); Pull docket, download mailing matrix, draft certificates, and memo to M. Bargar for approval to file (.40); Review approval memo from M. Bargar, prepare Certificates for filing and file to Court (.30) |
| 12/11/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Telephone call from Trustee regarding inquiry from Todd Shaw non-bankruptcy counsel regarding accounts receivable (.2); draft correspondence to Gaelen Whittemore, non-bankruptcy counsel, regarding same (.2) |
| 12/17/19 | M. Bargar | 2.60 | 445.00 | 1157.00 | Prepare for hearing on interim distribution and fee applications (.3); to court and attend same (1.2); draft proposed order for fee applications (.5); draft proposed order for interim distributions (.4); draft correspondence to Trustee regarding same (.1); draft memo to support staff regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

**October 29, 2021**
**Invoice #845665**
**Neil C. Gordon**
**Page 5**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 12/17/19 | T. Daniel | 0.50 | 0.00 | 0.00 | (No Charge) Review and analyze memo from M. Bargar to upload Shaw 09-61855 Order Regarding First Interim Applications of Trustee HFC and AGG and Order Granting Motion to Make Interim Distributions (.10); Prepare and upload Orders to Court (.30): Draft follow-up memo to M. Bargar with confirmations (.10) |
| 12/19/19 | M. Bargar | 0.20 | 445.00 | 89.00 | Telephone call to Trustee regarding orders on fee applications and interim distribution (.1); draft correspondence to Trustee regarding same (.1) |
| 01/10/20 | M. Bargar | 0.50 | 482.50 | 241.25 | Telephone call from Donell Holiday, counsel for Ronnie Jackson, claimant, regarding status of interim distribution and related legal issues (.1); draft correspondence to Julie Shapiro of Sony regarding status of accounting related to funds received by Trustee but not yet distributed (.2); draft correspondence to Trustee regarding same (.1); telephone call to Donnell Holiday regarding status of interim distribution (.1) |
| 01/13/20 | M. Bargar | 0.10 | 482.50 | 48.25 | Draft correspondence to Trustee regarding update on source of payment investigation by Sony |
| 01/30/20 | M. Bargar | 1.10 | 482.50 | 530.75 | Draft correspondence to Trustee regarding current performances by Debtor and legal issues related to payment from same (.1); telephone call to Trustee regarding same (.3); draft correspondence to Trustee regarding issues related to sale of performance name "Too Short" (.1); legal research and gather facts regarding same (.6) |
| 02/10/20 | M. Bargar | 0.50 | 482.50 | 241.25 | Draft correspondence to Julie Shapiro, counsel for Sony, regarding turnover of funds (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
**Invoice #845665**
**Neil C. Gordon**
**Page 6**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 02/13/20 | M. Bargar | 0.50 | 482.50 | 241.25 | Gather facts and consider legal issues related to turnover of funds by Sony (.1); draft correspondence to Julie Shapiro regarding same (.1); telephone call to Trustee regarding possible recoveries from trademark (.3) |
| 02/20/20 | M. Bargar | 0.80 | 482.50 | 386.00 | Telephone call from Trustee regarding possible sale of potential trademark and related legal issues (.3); continue to legal research and consider issues and strategies related to same (.3); draft correspondence to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 02/24/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft correspondence to Trustee regarding administrative tax claims and payment of same (.1); telephone call to Trustee regarding same (.1); draft memo to Meghan Wells regarding same (.1) |
| 02/25/20 | M. Bargar | 0.40 | 482.50 | 193.00 | Edit motion to pay administrative expense (.2); edit proposed order (.1); draft correspondence to Trustee regarding same (.1) |
| 02/25/20 | M. Wells | 0.90 | 270.00 | 243.00 | Draft motion to pay administrative expenses and proposed order |
| 02/25/20 | T. Daniel | 1.00 | 0.00 | 0.00 | (No Charge) Review and analyze memo from M. Bargar to prepare Motion to Pay Administrative Expenses (.10); Prepare Motion for filing and memo to M. Bargar for review and approval to upload (.30); Review approval email and file to Court (.10); Edit Order and memo to M. Bargar for review and approval to upload (.30); Review approval email, prepare Order for filing and upload to Court (.20) |
| 03/30/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Draft correspondence to Julie Shapiro of SONY regarding turnover of funds |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 7

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 03/31/20 | M. Bargar | 0.40 | 482.50 | 193.00 | Draft correspondence to Julie Shapiro regarding turnover of payments in its possession (.2); draft correspondence to Julie Shapiro regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 04/15/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft correspondence to Josh Binder, counsel for debtor, regarding Trustee's recovery of accounts receivable and related legal issues (.1); draft correspondence to Josh Binder's assistant regarding same (.1); draft correspondence to Josh Binder's assistant regarding same (second email to her) (.1) |
| 04/17/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft correspondence to Josh Binder's secretary, debtor's personal attorney, regarding telephone call with Mr. Binder (.1); draft correspondence to Trustee regarding same (.1); draft correspondence to Josh Binder's assistant regarding same (.1) |
| 04/20/20 | M. Bargar | 1.00 | 482.50 | 482.50 | Prepare for telephone call with Josh Binder, debtor's individual attorney, regarding status of case and related legal issues (.2); telephone call to Josh Binder regarding same (.1); telephone call from Josh Binder regarding same (.2); telephone call to Trustee regarding same (.1); telephone call from Trustee regarding same (.4) |
| 05/11/20 | M. Bargar | 0.60 | 482.50 | 289.50 | Gather facts and consider legal issues related to second interim distribution and payment of professionals as part of distribution |
| 05/21/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Telephone call from Trustee regarding second interim distribution and legal issues and strategies related to sale of income stream |
| 06/10/20 | M. Bargar | 0.60 | 482.50 | 289.50 | Edit motion to pay administrative tax claims (.3); edit notice of hearing (.1); draft correspondence to Trustee regarding same (.1); draft memo to support staff regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
**Invoice #845665**
**Neil C. Gordon**
**Page 8**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 06/10/20 | M. Wells | 1.50 | 270.00 | 405.00 | Draft motion and notice to pay administrative expense, certificate of service of notice and proposed order |
| 07/06/20 | M. Bargar | 0.40 | 482.50 | 193.00 | Edit order on motion to pay administrative expense (.3); draft memo to support staff regarding same (.1) |
| 09/01/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft correspondence to Trustee regarding legal issues related to interim distribution and interim fee applications (.1); gather facts and legal research regarding deadlines and opportunities for same under Sections 330 and 331 (.2) |
| 09/16/20 | M. Bargar | 0.10 | 482.50 | 48.25 | Draft correspondence to Trustee regarding sale of royalty stream and related legal issues |
| 09/21/20 | M. Bargar | 1.00 | 482.50 | 482.50 | Gather facts and consider legal issues related to interim distribution (.4); draft correspondence to Trustee regarding same (.4); telephone call to Trustee regarding response to same (.2) |
| 09/23/20 | M. Bargar | 0.50 | 482.50 | 241.25 | Gather facts and consider legal issues related to possible recoveries from post-petition performances by debtor of music owned by estate (.3); draft correspondence to Trustee regarding same (.2) |
| 09/25/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Telephone call from Trustee regarding interim distributions and related legal issues |
| 09/28/20 | M. Bargar | 0.70 | 482.50 | 337.75 | Gather facts and consider legal issues related to additional interim distribution (.3); draft correspondence to Trustee regarding same (.1); draft memo to N. Gordon regarding same (.1); draft correspondence to Trustee regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 9

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 11/04/20 | M. Bargar | 0.60 | 482.50 | 289.50 | Draft correspondence to Trustee regarding interim distribution and payment of quarterly tax payments (.2); gather facts regarding same (.2); draft correspondence to Trustee regarding same (.1); draft follow-up correspondence to Trustee regarding same (.1) |
| 11/05/20 | M. Bargar | 0.90 | 482.50 | 434.25 | Draft motion to make interim distributions (.7); draft correspondence to Trustee regarding same (.2) |
| 11/09/20 | M. Bargar | 1.50 | 482.50 | 723.75 | Continue to draft motion to make second interim distributions (.4); telephone calls (x2) to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.2); Edit same following requested edits by Trustee (.2); draft memo to support staff regarding same (.1); draft motion to make Q4 estimated tax payments (.3); draft correspondence to Trustee regarding same (.1) |
| 11/10/20 | M. Bargar | 1.40 | 482.50 | 675.50 | Draft notice of pleading, objection, hearing for motion to make interim distributions (.3); draft notice of pleading, objection, and hearing for interim fee applications (.3); draft notice of pleading, objection and hearing for motion to pay 2020 Q4 tax obligations (.3); continue to draft same in preparation for filing of same (.4); draft memo to support staff regarding same (.1) |
| 11/10/20 | C. Stewart | 0.40 | 0.00 | 0.00 | (No Charge) Serve three Notices of Pleading, Deadline to Object, and for Hearing [Doc Nos. 193, 194 and 195]; prepare and file certificate of service in connection with the same |
| 12/07/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Draft correspondence to Trustee regarding legal issues related to sale of royalties |
| 12/08/20 | M. Bargar | 0.60 | 482.50 | 289.50 | Prepare for hearings on fee application, motion to make interim distribution, and motion to pay administrative expenses (.3); attend same (.2); draft correspondence to Trustee regarding results of same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 10

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 12/08/20 | M. Wells | 1.20 | 270.00 | 324.00 | Draft (1) order on the second motion to make interim distributions (.4); (2) order on the fee applications of Trustee and HFC (.5); and (3) order on the motion to pay administrative expense (.3) |
| 12/09/20 | M. Bargar | 0.80 | 482.50 | 386.00 | Edit proposed fee order (.3); edit proposed order on motion to make interim distributions (.2); edit order on motion to pay administrative expense (.1); draft correspondence to Trustee regarding same (.2) |
| 12/10/20 | M. Bargar | 0.80 | 482.50 | 386.00 | Telephone call with Trustee regarding legal issues and strategies related to marketing and sale of royalties (.6); draft correspondence to Trustee regarding same (.2) |
| 12/10/20 | M. Wilson | 0.40 | 575.00 | 230.00 | Call with Trustee lawyers re Too Short publishing matter |
| 12/29/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Telephone call to Trustee regarding second motion to pay tax administrative expense claims based on funds that arrived after first motion |
| 01/04/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Edit motion to pay administrative expenses (.2); draft correspondence to Trustee regarding same (.1) |
| 01/04/21 | M. Wells | 0.40 | 270.00 | 108.00 | Draft motion to pay administrative expenses |
| 01/08/21 | C. Stewart | 0.20 | 0.00 | 0.00 | (No Charge) Prepare and file Certificate of Service for Notice of Hearing |
| 01/08/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Edit notice of pleading re motion to pay administrative expenses (.1); edit COS (.1) |
| 02/15/21 | M. Wells | 0.40 | 270.00 | 108.00 | Draft order granting motion to pay administrative expenses |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 11

| **DATE** | **TIMEKEEPER** | **HOURS** | **RATE** | **AMOUNT** | **DESCRIPTION** |
|---|---|---|---|---|---|
| 02/16/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Edit order on motion to pay administrative expense (.1); draft correspondence to Trustee regarding same (.1) |
| 03/05/21 | M. Bargar | 0.40 | 492.50 | 197.00 | Draft correspondence to Trustee regarding employment of broker (.1); edit broker's agreement (.3) |
| 03/06/21 | M. Bargar | 1.20 | 492.50 | 591.00 | Continue to edit broker's agreement (.9); draft correspondence to Trustee regarding and need for non-disclosure agreement as part of marketing of assets (.3) |
| 03/14/21 | M. Bargar | 0.80 | 492.50 | 394.00 | Draft application to employ broker and verification for broker (.6); draft correspondence to Trustee regarding same (.2) |
| 03/15/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Draft correspondence to Trustee regarding requested edits to application to employ broker |
| 03/17/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Draft order on application to employ broker |
| 03/24/21 | M. Bargar | 0.40 | 492.50 | 197.00 | Draft motion to pay outstanding tax obligations for 2020 (.2); draft correspondence to Trustee regarding same (.1); draft proposed order (.1) |
| 04/07/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Telephone call to Trustee regarding 2004 requests regarding pending sale of music royalties |
| 04/28/21 | M. Bargar | 0.50 | 492.50 | 246.25 | Draft 2004 motion of SoundExchange (.3); draft correspondence to Trustee regarding same (.1); telephone call from Trustee regarding same (.1) |
| 04/29/21 | M. Bargar | 0.60 | 492.50 | 295.50 | Draft order on SoundExchange 2004 motion (.2); draft order on BMI 2004 motion (.2); continue to draft both motions in preparation for filing of same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 12

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 04/30/21 | M. Bargar | 0.60 | 492.50 | 295.50 | Draft correspondence to Trustee regarding entry of Rule 2004 orders and subpoenas related to same (.2); draft subpoena for BMI (.2); draft subpoena for SoundExchange (.1); draft memo to support staff regarding service of each (.1) |
| 05/06/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Edit correspondence to various entities regarding production of documents and information related to sale of royalties to ensure protection of estate (.2); draft correspondence to Trustee regarding same (.1) |
| 05/12/21 | C. Stewart | 0.40 | 0.00 | 0.00 | (No Charge) Prepare and file two notices of service of subpoenaes (Broadcast Music, Inc. and SoundExchange, Inc.) |
| 05/12/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Edit notices of subpoenas and service of same |
| 05/19/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Evaluate and analyze letter from Sound Exchange lodging objections to subpoena (.2); draft correspondence to Trustee regarding same and suggested course of action (.1) |
| 05/21/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Telephone call to Brie Jackson of Soundexchange regarding objection to subpoena issues under Rule 2004 (.2); draft correspondence to Brie Jackson regarding same (.1) |
| 05/24/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Drraft correspondence to Brieanna Jackson, counsel for SoundExchange, regarding objections to subpoena (.2); draft correspondence to Trustee regarding same (.1) |
| 05/26/21 | M. Bargar | 0.60 | 492.50 | 295.50 | Telephone call to Julie Shapiro at Sony regarding document request by Trustee (.3); telephone call to Trustee regarding same (.3) |
| 06/04/21 | M. Bargar | 0.70 | 492.50 | 344.75 | Evaluate and analyze produced documents from BMI (.5); draft correspondence to Trustee regarding same and royalties being paid by BMI (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 13

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 06/06/21 | M. Bargar | 0.30 | 492.50 | 147.75 | Draft turnover demand to BMI regarding post-petition works royalties (.2); draft correspondence to Trustee regarding same (.1) |
| 06/07/21 | M. Bargar | 0.60 | 492.50 | 295.50 | Telephone call from Trustee regarding document production by BMI and legal issues related to turnover of estate property (.3); draft correspondence to BMI regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 06/10/21 | M. Bargar | 1.20 | 492.50 | 591.00 | Telephone call from Trustee regarding funds owed by Broadcast Music Inc to estate and turnover of same (.4); draft correspondence to in-house counsel at BMI regarding same (.2); telephone call to her regarding same (.1); draft correspondence to Trustee regarding same (.2); draft correspondence to her colleague regarding same (.2); draft correspondence to Trustee regarding response from BMI attorney (.1) |
| 06/11/21 | M. Bargar | 1.90 | 492.50 | 935.75 | Draft correspondence to Andrew Fanno, attorney at BMI, regarding turnover of funds owed to estate (.1); evaluate and analyze schedule of prior payments made post-petition by BMI and consider possible recoveries of same, including interplay of 362 and 549 (1.1); telephone call to Trustee regarding same (.4); draft follow-up correspondence to Trustee regarding same (.2); draft responsive correspondence regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 14

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 06/21/21 | M. Bargar | 0.90 | 492.50 | 443.25 | Draft correspondence to Andrew Fanno at BMI regarding status of Trustee's turnover demand (.2); draft correspondence to Julie Shaprio at SONY regarding document production (.2); draft correspondence to Brie Jackson at SoundExchange regarding objection to subboena and good faith resoultion of same (.2); draft correspondence to Doug Colton, estate broker, regarding same including documents needed from SounExchange to market cash flow (.1); draft correspondence to Brie Jackson regarding same (.1); draft corresopondence to Trustee regarding demand for turnover from BMI (.1) |
| 06/22/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Draft correspondence to Enriquez-Cohen regarding turnover of funds from BMI |
| 06/23/21 | M. Bargar | 0.60 | 492.50 | 295.50 | Draft correspondence to Doug Colton regarding sale of cash flow and dispute with SONY regarding turnover of documents related to same (.3); telephone call with Doug COlton regarding same (.3) |
| 06/24/21 | M. Bargar | 1.20 | 492.50 | 591.00 | Draft correspondence to Doug Colton regarding good faith conference with SoundExchange regarding its objection to subpoena (.3); telephone call with Doug Colton and Brie Jackson of SoundExchange regarding same (.3); telephone call to Doug Colton regarding same (.2); evaluate and analyze correspondence from BMI attorney regarding turnover demand and consider issues related to property interests to be turned over (.3); draft correspondence to Trustee regarding same (.1) |
| 06/30/21 | M. Bargar | 1.10 | 492.50 | 541.75 | Telephone call from Review Enruiqueze Cohen of BMI regarding Trustee's demand for turnover and related legal issues (.3); legal research regarding same (.7); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 15

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 07/01/21 | F. White | 0.40 | 645.00 | 258.00 | Review (with M. Bargar) of copyright issues relating to Debtor's pre-petition composition, potential royalties generated by public performances and digital streaming, and arguments for proposition that all are property of Ch. 7 estate (0.4) |
| 07/01/21 | M. Bargar | 0.90 | 492.50 | 443.25 | Draft memo to Frank White regarding property interests in sourced songs and recoveries from same (.4); draft follow up memo to Frank White regarding same (.1); draft correspondence to Rosenstein at SoundExchange regarding turnover of documents and information (.1); legal research regarding avoidance of payments by BMI and SoundExchange post petition (.3) |
| 07/06/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Draft correspondence to Julia at SONY regarding resolution of document production dispute (.1); draft follow up correspondence regarding same (.1) |
| 07/07/21 | M. Bargar | 0.70 | 492.50 | 344.75 | Telephone call to SONY regarding document production dispute (.5); telephone call to Doug Colton regarding same (.1); telephone call to Trustee regarding same (.1) |
| 07/08/21 | M. Bargar | 1.00 | 492.50 | 492.50 | Evaluate and analyze document production from SoundExchange and consider necessity of demand for additional documents (.8); draft correspondence to Greg Beeckman at broker regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 08/02/21 | M. Bargar | 1.20 | 492.50 | 591.00 | Gather facts regarding inquiry from Revi Enriquez-Cohen at BMI regarding document production by BMI (.3); draft correspondence to Revi Enriquez-Cohen regarding same (.1); telephone call to Trustee regarding same (.2); draft correspondence to Julie Shapiro at SONY regarding status of document production by SONY (.2); draft correspondence to Trustee regarding suggested course of action given lack of production by SONY (.2); draft responsive correspondence to Trustee (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

October 29, 2021
Invoice #845665
Neil C. Gordon
Page 16

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 08/05/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Draft correspondence to Trustee regarding document production by BMI |
| 09/01/21 | M. Bargar | 0.40 | 492.50 | 197.00 | Telephone call from Trustee regarding sale of royalty cash flow and outstanding documents from BMI (.3); draft correspondence to Revi Enriquez-Cohen of BMI regarding same (.1) |
| 09/15/21 | M. Bargar | 2.00 | 492.50 | 985.00 | Draft correspondence to Trustee regarding request by SONY that he sign NDA to obtain documents and information (.2); draft correspondence to Trustee regarding same (.1); draft correspondence to Julie Shapiro regarding production of documents and NDA (.2); draft correspondence to Doug Colton, broker, regarding same and implication of same on his marketing efforts (.1); telephone call to Doug Colton regarding same (.1); draft correspondence to Revi at BMI regarding allocation of works to estate and ownership of estate in same (.1); evaluate and analyze correspondence from Revi at BMI regarding its position on same (.1); draft correspondence to Trustee regarding same (.1); telephone call from Doug Colton regarding same (.2); evaluate and analyze filed documents in case and order on stay relief motion related to same and consider legal issues related to split of works based on prepetition and postpetition efforts of debtor (.5); draft correspondence to Doug Colton regarding same (.1); telephone call from Doug Colton regarding same (.2) |
| 09/23/21 | M. Bargar | 0.20 | 492.50 | 98.50 | Draft correspondence to Trustee regarding NDA request from SONY and strategies moving forward to compel document production |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

**October 29, 2021**
**Invoice #845665**
**Neil C. Gordon**
**Page 17**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 09/28/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Edit extension of listing agreement with MCE |

| | |
|---|---|
| **Total Hours** | **68.80** |
| **Total For Services** | **$30,295.00** |

**EXPENSES**

| | |
|---|---|
| VENDOR: ABC Legal Holdings, LLC INVOICE#: 111686 DATE: 5/8/2021 Service of Subpoenaes for Document Production(2) | 290.00 |
| POSTAGE | 124.54 |
| **Total Expenses** | **$414.54** |

| | Fees | Disbursements | Total |
|---|---|---|---|
| CURRENT CHARGES: | 30,295.00 | 414.54 | 30,709.54 |
| Total Balance Due: | 30,295.00 | 414.54 | 30,709.54 |
| **Total This Statement** | | | **$30,709.54** |

**Attorney and Paralegal Summary**

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-8**

**October 29, 2021**
**Invoice #845665**
**Neil C. Gordon**
**Page 18**

| Name | Year | Rate | Hours | Total Amount |
|------|------|------|-------|--------------|
| Bargar, Michael J. | 2019 | 445.00 | 18.90 | 8,410.50 |
| Bargar, Michael J. | 2020 | 482.50 | 18.10 | 8,733.25 |
| Bargar, Michael J. | 2021 | 492.50 | 23.30 | 11,475.25 |
| Wells, Meghan J. | 2020 | 270.00 | 3.60 | 972.00 |
| Wells, Meghan J. | 2021 | 270.00 | 0.80 | 216.00 |
| White, Frank N. | 2021 | 645.00 | 0.40 | 258.00 |
| Wilson, Matthew V. | 2020 | 575.00 | 0.40 | 230.00 |
| | | **Total** | **68.80** | **$30,295.00** |

EXHIBIT "B"


**ARNALL GOLDEN GREGORY LLP**
**171 17th Street, N.W., Suite 2100**
**Atlanta, Georgia  30363-1031**
**(404) 873-8500**


## PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida (B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).  Law Clerk to Hon. Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81; Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h) Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of Mortgage and Finance Fraud for Trustees," in Mortgage and Finance Fraud Litigation Strategies (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," NABTalk, Quarterly Publication of National Association of Bankruptcy Trustees (NABT 2003-present); Editorial Board, NABTalk (2003-present). Member: Atlanta Bar Association, Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair); National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President 2008-2011; President 2011-2012; Immediate Past President

17304744v1

2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, Georgia Bankruptcy American Inn of Court.

Seminar Presentations: "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016);  "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does Law v. Siegal Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah

15

(September 12, 2014); "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference, Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges 2013 Annual Conference, Atlanta, Georgia (November 1, 2013); "Case Law Update" NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar, Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012); "Ethics and Professionalism Potpourri," 36th Annual Judge Alexander L. Paskay

Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the Money? Claims Objections Issues," Law Education Institute's 29th Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1, 2010); "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The  Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtor Used to Be "High-End" Debtor)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail, Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and

17

Techniques," American Bankruptcy Institute's Skills Training Program,  Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008);   "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar,  Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims

18

Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**FRANK N. WHITE** – Admitted to Georgia Bar in 1989. Education: Duke University (A.B., cum laude, 1986); University of Georgia (J.D., magna cum laude, 1989). Member: State Bar of Georgia, Litigation, Entertainment & Sports Law Sections; Atlanta Bar Association, Bankruptcy Section. Practice Areas: Bankruptcy, Creditors' Rights and Workout, Copyrights, Patents and Trademarks, Entertainment and Sports, Marketing and Promotions. Publications: Author, Bankruptcy Code §§ 503(b)(9) and 546(c): A Bitter Pill for Healthcare Debtors Is Pain Relief for Their Vendors," AGG Healthcare Client Alert (April 28, 2010).

**MICHAEL F. HOLBEIN** – Admitted to Georgia Bar in 1999. Education: Stetson University (B.A., cum laude, 1995); University of Florida (J.D., with honors, 1999). Member: Atlanta Bar Association; State Bar of Georgia, Bankruptcy and Creditors' Rights Sections; National Association of Bankruptcy Trustees. Seminar Presentations: "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "Preference & Fraudulent Transfer Workshop," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); "Document Authentication," NABT

17304744v1

2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012); "Discovery Tools and Practices in Consumer Bankruptcy Cases," Atlanta Consumer Bankruptcy Skills Training Seminar, Atlanta, Georgia (January 28, 2009). Practice Areas: Bankruptcy, Creditors' Rights and Workout, and Business Litigation.

**ZACH D. WILSON** – Admitted to Georgia Bar in 2009. Education: University of Georgia (B.A., magna cum laude, 2005); Emory University (J.D., with high honors, 2009). Member: State Bar of Georgia. Publications: Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Workout, Employee Benefits and Executive Compensation, and Tax.

**MATTHEW V. WILSON** – Admitted to Georgia Bar in 2004. Education: Emory University (B.A., magna cum laude, 1999); University of San Diego School of Law (J.D., magna cum laude, 2004). Member: State Bar of Georgia. Practice Areas: Corporate.  Leader: AGG's Sports and Entertainment Industry Team.

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustees for the Northern District of Georgia. Fellow, American Bar Foundation.

## OF COUNSEL

**WILLIAM D. MATTHEWS** – Admitted to Georgia Bar in 1986. Education: University of South Carolina (B.S., Mathematics, magna cum laude, 1983); Duke University School of Law (J.D., with honors, 1986). Member: State Bar of Georgia. Law Clerk for the Honorable W. H. Drake, Jr. (1986-1989). Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

20

## ASSOCIATE

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring**.**

17304744v1

## CERTIFICATE OF SERVICE

This is to certify that on November 9, 2021, the undersigned caused to be served a true and correct copy of the forgoing *Second Interim Application Of Arnall Golden Gregory LLP For Allowance Of Compensation And Reimbursement Of Expenses As Counsel For Trustee* by depositing copies of same into the United States mail on the date set forth above, with adequate postage affixed thereto to assure delivery by regular first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA 95987

This 9th day of November, 2021.

By:/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

17304744v1