UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-61855-BEM |
| | ) | |
| TODD ANTHONY SHAW, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO PAY ADMINISTRATIVE EXPENSES OF CHAPTER 7 ESTATE**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Todd Anthony Shaw ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Motion for Authority to Pay Administrative Expenses of Chapter 7 Estate* (the "**Motion**"). In support of his Motion, Trustee respectfully shows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Facts and Relief Requested**

2.

On January 26, 2009 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. Trustee was thereafter appointed the Chapter 7 trustee for Debtor's bankruptcy estate.

3.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the bankruptcy case and any interest in property that the estate acquires after commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1) and (7). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

4.

Debtor filed this bankruptcy case as a no-asset case. [Doc. No. 1 at Page 1].

5.

Nevertheless, through the efforts of Trustee and his professionals, Trustee has recovered $2,218,296.55 (including $166,594.77 received so far in the 4th quarter of 2022) for the benefit of the Bankruptcy Estate from, among other things, certain music royalties to which Debtor, and thus the Bankruptcy Estate, is entitled.

6.

As a result of the music royalties paid to the Bankruptcy Estate during the third quarter of calendar year 2022 in the amount of $214,034.43, the Bankruptcy Estate has incurred income tax expenses owed to the Internal Revenue Service in the amount of $71,222.00 and to the Georgia Department of Revenue in the amount of $11,874.00.

7.

There are sufficient funds in the Bankruptcy Estate with which to make the foregoing payments, and such payments are proper administrative expenses of the Bankruptcy Estate.

WHEREFORE, Trustee requests that the Court grant this Motion and authorize Trustee to pay the above-described administrative expense claims.

Respectfully submitted this 22nd day of September 2022.

                                        ROUNTREE LEITMAN KLEIN & GEER, LLC
                                      *Attorneys for Trustee*

                                      By:*/s/ Michael J. Bargar*
                                            Michael J. Bargar
Century Plaza I                            Georgia Bar No. 645709
2987 Clairmont Road, Suite 350    mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day served true and correct copies of the foregoing *Trustee's Motion for Authority to Pay Administrative Expenses of Chapter 7 Estate* by delivering copies of the same via United States first class mail, postage prepaid, to the following persons or entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA 95987

This 22nd day of September 2022.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709