UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-61855-BEM |
| | : | |
| TODD ANTHONY SHAW, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |

**MOTION FOR AUTHORITY TO MAKE FIFTH INTERIM DISTRIBUTION**

COMES NOW S. Gregory Hays, Chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Todd Anthony Shaw ("**Debtor**"), by and through undersigned counsel, and files this *Motion for Authority to Make Fifth Interim Distribution* ("**Distribution Motion**").  In support of the Distribution Motion, Trustee respectfully shows:

**Jurisdiction and Venue**

1.     This Bankruptcy Court has jurisdiction to hear this Distribution Motion under 28 U.S.C. §§ 157 and 1334. This Distribution Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper before this Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.     On January 26, 2009, (the "**Petition Date**"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), initiating Bankruptcy Case No. 09-61855-BEM (the "**Bankruptcy Case**" or "**Case**").

3.     Trustee is the duly authorized and acting Chapter 7 Trustee for the Bankruptcy Estate.

4.      Debtor filed this Bankruptcy Case as a no-asset case.  [Doc. No. 1 at Page 1].

5.      Nevertheless, despite this less than optimistic initial outlook, through the efforts of Trustee and his professionals, Trustee has recovered more than $3,900,000.00 in this Case, and he is currently holding approximately $933,000.00 in the Bankruptcy Estate's bank account, after making multiple interim distributions to creditors in this Case and paying various administrative expenses.

6.      The funds that Trustee has recovered in this matter initially resulted from a November 24, 2009 stipulation (the "**Stipulation**") between the Trustee and Zomba Recordings LLC ("**Zomba**") [Doc. No. 62] to split the unscheduled music royalties ("**Royalties**") owed to the Debtor with 20% being paid to the Bankruptcy Estate and 80% being paid to Zomba until Zomba's secured claim was satisfied.

7.      Upon information and belief, sometime after entry of the Stipulation and the Court's order [Doc. No. 62] approving the same, Zomba transferred its loan rights and interests in recorded works that generate royalties to Sony Music Entertainment ("**Sony**"), and ZEI transferred its interests in the musical composition works that generate royalties to Universal Music Group, Inc. ("**Universal**"). Alternatively, rather than an asset purchase, it may be the case that Sony purchased Zomba, or that Universal purchased ZEI.

8.      Due to samplings of Debtor's music compositions that resulted in a considerable increase in the unscheduled Royalties,[1] the Zomba loan was satisfied in early 2019.

9.      Thereafter, on March 16, 2021, Trustee filed an application to employ MCE Management, LLC ("**MCE**") as Trustee's broker to assist Trustee in marketing and selling the Royalty interest of the Bankruptcy Estate [Doc. No. 209] (the "**Application to Employ**"). On

---

[1]      Importantly, the assets of the Bankruptcy Estate are only passive income streams.

March 24, 2021, the Court entered an order [Doc. No. 210] granting the Application to Employ and authorizing Trustee to employ MCE.

10.     After being employed, MCE assisted Trustee to determine that, in addition to payments from Universal and Sony, the Bankruptcy Estate was also likely entitled to payments from Broadcast Music, Inc. ("**BMI**") and SoundExchange, Inc. ("**SoundExchange**").

11.     Shortly after discovering that the Bankruptcy Estate was owed money by BMI and SoundExchange, Trustee made demand on them to turn over all payments owed to the Bankruptcy Estate.  Since then, they have been making all required payments to Trustee.

12.     On November 13, 2019, Trustee filed a motion to make interim distributions [Doc. No. 171] (the "**First Motion to Make Interim Distributions**"), and, on December 19, 2019, the Court entered an order [Doc. No. 177] granting the First Motion to Make Interim Distributions.  Thereafter, in accordance with the First Motion to Make Interim Distributions, Trustee made a 100% distribution to allowed, secured claimants; a 100% distribution to allowed, priority claimants; and a 3.0% initial distribution to timely filed, allowed, general unsecured claimants.

13.     On November 9, 2020, Trustee filed a second motion to make interim distributions [Doc. No. 189] (the "**Second Motion to Make Interim Distributions**"), and, on December 10, 2020, the Court entered an order [Doc. No. 197] granting the Second Motion to Make Interim Distributions.  Thereafter, in accordance with the Second Motion to Make Interim Distributions, Trustee made another 31.1% distribution to timely filed, allowed, general unsecured claimants.

14.     On November 9, 2021, Trustee filed a third motion to make interim distributions [Doc. No. 227] (the "**Third Motion to Make Interim Distributions**"), and on December 9,

2021, the Court entered an order [Doc. No. 237], granting the Third Motion to Make Interim Distributions.  Thereafter, in accordance with the Third Motion to Make Interim Distributions, Trustee made another 18.7% distribution to timely filed, allowed, general unsecured claimants.

15.    On September 21, 2023, Trustee filed a fourth motion to make interim distributions [Doc. No. 329] (the "**Fourth Motion to Make Interim Distributions**"), and on December 9, 2021, the Court entered an order [Doc. No. 342], granting the Fourth Motion to Make Interim Distributions.  Thereafter, in accordance with the Fourth Motion to Make Interim Distributions, Trustee made another 47.2% distribution to timely filed, allowed, general unsecured claimants (after this distribution, Trustee had paid 100% of all timely filed, non-priority, general unsecured claims in this case).

16.    Trustee would like to make interim distributions to Santander Consumer USA, Inc. ("**Santander**") on its tardily filed, non-priority, general unsecured claim (Claim No. 8) and to the Internal Revenue Service (the "**IRS**") for the penalties on its proof of claim (Claim No. 3).

17.    To date, Trustee has recovered a total of approximately $3,900,000.00 from the Bankruptcy Estate's share of the Royalties and has paid administrative expenses totaling $1,633,764.14 relating to professionals' fees, costs associated with the maintenance and insurance on the Debtor's primary residence while listed for sale by the Trustee, bank and technology fees, and federal and state income taxes on Royalty income.

18.    The deadline for all creditors to file proofs of claim was March 9, 2010. [Doc. No. 69].  All claims work has been completed.

### Relief Requested

19.     Trustee requests authority from the Bankruptcy Court to pay, through an interim distribution, Santander's claim (Claim No. 8) in full and a 50.0% distribution to the IRS for the

penalties on its proof of claim (Claim No. 3). All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the bankruptcy case. Attached hereto and incorporated herein by reference as Exhibit "A" is a detailed listing of the proposed distributions to creditors (the "**Interim Distribution Analysis**").

### Basis for Relief

20.     Contemporaneously with this Distribution Motion, Trustee and the attorneys and accountants employed in this Bankruptcy Case will file interim applications for compensation. In the fifth interim application of Trustee, Trustee is requesting approval of $17,589.87 in interim compensation and $331.17 in reimbursement of expenses. The requested compensation of $17,589.37 represents the statutory allowance of compensation pursuant to 11 U.S.C. § 326. Trustee is requesting authority from the Court to pay 100% of his requested interim compensation and 100% of his expenses for a total of $17,921.04.

21.     In the fifth interim application of Hays Financial Consulting, LLC ("**HFC**"), as accountants for Trustee, HFC is requesting approval of $16,272.50 in interim compensation and $210.29 in reimbursement of expenses.  HFC is requesting authority from the Bankruptcy Court for Trustee to pay 100% of its requested interim compensation and 100% of its expenses for a total of $16,482.79.

22.     In the second interim application of Rountree Leitman Klien & Geer LLC ("**RLKG**"), as attorneys for Trustee, RLKG is requesting approval of $29,286.00 in interim compensation and $922.86 in reimbursement of expenses.  RLKG is requesting authority from the Bankruptcy Court for Trustee to pay 100% of its requested interim compensation and 100% of its expenses for a total of $30,208.86.

23.     The total amount of Santander's proof of claim is $8,941.03, as set forth on Exhibit "A." Trustee proposes to pay this claim in full.

24.     The total penalties on the IRS proof of claim are $788,809.12, as set forth on Exhibit "A." Trustee proposes to make an interim distribution of $394,404.56 (or a 50% payment) to the IRS for the penalty portion of its claim.

25.     The remaining funds for the reserves and additional administrative expense claims and the remaining, allowed, general unsecured claims will be approximately $465,000.00.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court (i) grant this Distribution Motion, (ii) authorize an interim distribution in this Bankruptcy Case on approved claims based on the attached Interim Distribution Analysis, and (iii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 8th day of November, 2024.

ROUNTREE LEITMAN KLEIN & GEER LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*

Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
404-410-1220

**EXHIBIT "A" FOLLOWS**

Todd Anthony Shaw
Case # 09-61855-bem

| | | | | |
|---|---|---|---|---|
| Cash in Bank (11/5/2024) | | | $933,276.60 | |
| | | | | |
| **Reserves** | | | | |
| General Reserve | | | $102,868.33 | |
| MCE Management LLC | | | $317,262.50 | (1) |
| Ronnie Jackson Jr. - Approved Interim Distribution | | | $45,187.49 | (2) |
| | | | $465,318.32 | |
| | | | | |
| **Funds for Distribution** | | | **$467,958.28** | |

| | | Application Amt | Proposed Payment | |
|---|---|---|---|---|
| **Administrative Claims (Applications Pending)** | | | | |
| Hays Financial Consulting | Fees & Exp (8/1/23 - 10/31/24) | $16,482.79 | $16,482.79 | |
| Trustee | Commission & Exp | $17,921.04 | $17,921.04 | |
| Rountree Leitman Klein & Geer, LLC | Fees and Exp (8/1/23 - 10/3/24) | $30,208.86 | $30,208.86 | |
| | | **$64,612.69** | **$64,612.69** | |
| | | | | |
| **Funds Available for Distribution to Unsecured Creditors** | | | **$403,345.59** | |

| | | Claim | Paid to Date | Proposed Payment | |
|---|---|---|---|---|---|
| **Secured and Priority Claims** | | | | | |
| Zomba Recording LLC | POC 2 - Paid in Full | $443,857.62 | $443,857.66 | $0.00 | |
| Internal Revenue Service | POC 3P Priority Claim | $34,604.28 | $34,604.28 | $0.00 | |
| Georgia Dept of Revenue | POC 5-2 Secured Claim | $36,112.34 | $36,112.34 | $0.00 | |
| | | $514,574.24 | $514,574.28 | **$0.00** | |
| **Unsecured Claims** | | | | | |
| Fulton County Tax | POC # 1 - Withdrawn (Dkt#155) | $0.00 | $0.00 | $0.00 | |
| Internal Revenue Service | POC # 3Ua | $1,284,229.62 | $1,284,229.62 | $0.00 | |
| Keenan Wilkins | POC#4&7-Disallowed (Dkt#164&165) | $0.00 | $0.00 | $0.00 | |
| Ronnie Jackson, Jr. | POC # 6-3 | $95,655.94 | $95,655.94 | $0.00 | (2) |
| | | $1,379,885.56 | $1,379,885.56 | **$0.00** | |
| | | | | | |
| **Tardily Filed Unsecured Claims §726(a)(3)** | | | | | |
| Santander Consumer USA Inc. | POC # 8 | $8,941.03 | $0.00 | $8,941.03 | 100% |
| | | | | | |
| **Fines, Penalties Claims §726(a)(4)** | | | | | |
| Internal Revenue Service | POC # 3Ub Penalties | $788,809.12 | $0.50 | $394,404.56 | 50% |
| | | | | | |
| Interest on Unsecured Claims | Estimated through 12/31/2025 | $164,174.94 | $0.00 | $0.00 | (3) |
| | | | | | |
| **Total Distributions** | | | | **$467,958.28** | |
| | | | | | |
| Funds Remaining in Bankruptcy Estate After Proposed Distributions | | | | $465,318.32 | |

(1) Fees awarded Per Order, Dkt # 352.

(2) The Trustee has been paying the claim of Ronnie Jackson through his attorney Donnell Holiday.  Mr. Donnell passed away and the Trustee has been unable to locate Mr. Jackson.  The claim relates to a 1997 judgment. Trustee has reserved for this distribution.

(3) Interest on claims will be paid after all creditors are paid in full.

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the foregoing *Motion for Authority to Make Fifth Interim Distribution* by filing same with the Court using the CM/ECF system, which will send an electronic mail notification to the parties as indicated below:

Christina M Baugh
christina.baugh@btlaw.com
lisa.mitchum@btlaw.com

Frank W. DeBorde
fwd@mmmlaw.com
lwolgast@mmmlaw.com
twagner@mmmlaw.com

S. Gregory Hays
ghays@haysconsulting.net
saskue@haysconsulting.net
GA32@ecfcbis.com

Martin P. Ochs
martin.p.ochs@usdoj.gov

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

This is to further certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the forgoing *Motion for Authority to Make Fifth Interim Distribution* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class United States Mail, to the following persons at the addresses stated:

Todd Anthony Shaw
151 Oak Street
Hahnville, LA 70057

Todd Shaw
6130 Eisner Drive
Las Vegas, NV 89131

Todd Shaw
11271 Ventura Blvd #229
Studio City, CA 91604

Todd Anthony Shaw
1010 Forest Overlook Drive
Atlanta, GA 30331

Montie Day
Day Law Offices
P.O. Box 1525
Williams, CA 95987

This 8th day of November, 2024.

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709